Action in replevin by Josiah Richardson against Mrs. A.C. Gourlie to recover a ring pledged as security for payment of a debt. From a judgment entered upon a directed verdict in favor of defendant, plaintiff appeals.
Judgment reversed.
The appellant, who was plaintiff in the trial court, brought an action in replevin against the appellee, the defendant, to recover a ring of the stipulated value of $1,250. The ring had been pledged by the plaintiff with an attorney to secure the payment of a fee of $400, and shortly afterwards the attorney, with the permission of plaintiff, delivered the ring to A.C. Gourlie, who, in turn, presented it to his wife. Later the husband died, and demand was made by plaintiff upon the wife to return the ring in exchange for $400, the amount of the debt. At first she demanded interest, which the plaintiff refused to pay; then in a later conversation between them she reported that she had lost a stone from the ring, whereupon the plaintiff told her that if she would accept the amount of the debt and surrender the jewelry he would "stand the loss" of the stone, presumably intending that the value of the missing stone would offset the charge for interest. The defendant declined this proposition, and the plaintiff instituted the suit in replevin, depositing $400 in the registry of the court.
At the conclusion of the testimony the court instructed a verdict for the defendant, and the judgment was entered accordingly.
The original transaction between plaintiff and the attorney was purely the bailment of personal property as security for a debt, and when the ring was delivered by the bailee to Gourlie and by Gourlie to his wife, no greater right was created in the property than that which had vested in the first bailee.
The doctrine of caveat emptor applied in the successive transfers, and there is nothing in the record even to suggest that there were any circumstances which would relieve the transactions from this rule. So it seems that the pledgor, upon paying the amount due, should regain possession from the person who ultimately received the property — namely, the appellee.
The plaintiff endeavored to buttress this position by offering testimony of a conversation with Gourlie about the terms of the original pledge to the attorney, and *Page 554 
an objection to this testimony was sustained on the ground that it would violate Section 90.05, Florida Statutes 1941, and F.S.A. Stripped to the phraseology which would be relevant to the present controversy, that statute provides "that no party to [an] action * * * shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time * * * deceased * * * against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person * * *." Appellee did not fall into any one of these categories (see McDougald v. Covey, 150 Fla. 748, 9 So.2d 187); so we hold the conviction that the testimony sought from the plaintiff was proper, although we do not believe that it was indispensable to recovery by the plaintiff.
The judgment is reversed.
ADAMS, C.J., and TERRELL, CHAPMAN, and SEBRING, JJ., concur.
BARNS and HOBSON, JJ., dissent.