HORTON, Judge.
A final decree divorcing the parties was entered on March 18, 1957. The decree inter alia ratified and approved a property settlement agreement between the parties, awarded the custody of six minor children to the appellant-husband and decreed that he be the sole owner of certain real property theretofore held as an estate by the entire-ties, all in accord with the terms of the property settlement agreement. On December 4, 1957, the appellee-wife filed a petition to modify the terms of the final decree and the property settlement agreement. In substance, she requested the court to award her the custody of the minor children, sole use with said children of the real property, support for the minor children; fifty per cent of the assets in appellant’s possession at the time of the divorce, alimony, costs and at *496 torney’s fees. The appellant filed answer to the petition and in general denied its material allegations.
On February 26,1958, the appellee filed an amended petition for modification, in which she alleged lack of legal representation at the time of the execution of the property settlement agreement and coercion on the part of the appellant in forcing her to execute the agreement; that she did not defend the divorce action because of the appellant’s threats to her life and physical violence on the part of the appellant. The amended petition asked for relief similar to that of the original petition.
On April 4, 1958, the chancellor entered an order denying the petition for modification and the amended petition and re-affirmed that the custody of the minor children remain in the appellant. This order further provided that the real property specified in the property settlement agreement and the final decree of divorce was to vest in the appellant as trustee for the minor children and reserved jurisdiction to approve or disapprove any sale or encumbrance of the trust interest in the real property.
The appellant, on May 6, 1958, filed petition to set aside and amend the court’s order of April 4, 1958, which petition contained an alternative prayer for permission by the appellant-husband to purchase the trust interest at its fair market value. The appellee-wife answered the petition and inter alia consented to the appellant’s alternative prayer to purchase the trust interest. The chancellor, by an order dated May 28, 1958, denied the appellant’s petition of May 6, 1958, but imposed the following additional conditions on the trust interest created by the order of April 4, 1958:
“It was the intention of the court by the said order to require the said property to be conveyed to the Plaintiff in that manner so as to secure the support and maintenance of the said minor children. The interest of the said minor children shall terminate upon their reaching majority. Upon the youngest of the said minor children attaining his majority, the trust shall terminate and the fee simple title to corpus of the trust shall vest in the Plaintiff, William H. Kroll.”
Appellant seeks, by interlocutory appeal, a review of the orders of April 4 and May 28, 1958 respectively.
The principal question for determination in this appeal is whether or not the chancellor could, upon petition filed pursuant to § 65.15, Fla.Stat, F.S.A., modify that portion of a final decree of divorce based upon a property settlement agreement that did not relate to the award of alimony, maintenance or support, and where the decree had become final eight months before. We conclude the question should be answered in the negative.
The jurisdiction of the court was obviously attempted to be invoked under the authority of § 65.15, supra. This section authorizes the chancellor to modify property settlement agreements or final decrees but extends only to provisions for support, maintenance and alimony. None of these were present in the instant case. The husband had been awarded custody of the children and the petition for modification of the final decree filed by the appellee-wife was devoid of any allegations that he was not supporting them. Likewise, there was no award of alimony, maintenance or support to the appellee-wife in the final decree and no change of circumstances was alleged or made to appear in the proceedings. The rights of the parties had become fixed and vested under the provisions of the property settlement agreement and the final decree of divorce ratified and approved the same. They should not be disturbed by the courts except upon proofs which would justify modification or cancellation of a contract between strangers. See Clark v. Clark, Fla. 1955, 79 So.2d 426; Sedell v. Sedell, Fla. App.1958, 100 So.2d 639.
It would appear from the record of the proceedings that the court sua sponte raised *497 the issue of imposing a trust upon the real property which had theretofore been disposed of under a property settlement agreement between the parties and approved in the final decree. The appellant was obviously taken by surprise and was not afforded an opportunity to be heard and to introduce evidence relative to the issue, a right guaranteed under the provisions of the statute [65.15, supra].
Accordingly, those portions of the orders of April 4 and May 28, 1958, respectively, relating to or affecting the real property described in the property settlement agreement and the final decree of divorce dated March 18, 1957, are reversed and the petition for modification and the amended petition shall stand dismissed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.