Mary E. YATES, sometimes known as Betty S. Yates, Appellant,

v.

Louise Edwards YATES, Appellee.

No. 17752.

United States Court of Appeals Fifth Circuit.

Nov. 24, 1959.

Rehearing Denied Dec. 21, 1959.

John G. Poole, Jr., T. J. Blackwell, Blackwell, Walker & Gray, Miami, Fla., for appellant.

W. Raleigh Petteway, Miami, Fla., for appellee.

Before HUTCHESON, TUTTLE, and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

The controversies which gave rise to these consolidated appeals were over the proceeds of two life insurance policies on the life of Captain Marion T. Yates. In both actions below, the New York Life Insurance Company and the John Hancock Mutual Life Insurance Company were granted Decrees of Interpleader after depositing the proceeds of the respective polices in the registry of the Court. Both Betty Yates, the first wife of Marion, and Louise Yates, his second wife, who were the only claimants to the proceeds of the policies, filed motions for summary judgment. Betty Yates' motions were denied. Louise Yates' motions were granted, final judgments were entered in her behalf on February 11, 1959, and Betty Yates appealed.

Here, on the undisputed facts set out in the margin,[1] the sole question

---

1. Betty Yates and Doctor Marion T. Yates were married on April 13, 1934, and four children were born as the issue of the marriage, John M. Yates, James T. Yates, Stephen Lee Yates, and Samuel S. Yates, at the time of the suit aged twenty-two, twenty, nineteen and seventeen, respectively.

On June 5, 1947, New York Life Ins. Co. issued to Marion Yates its policy in the amount of $5500.00. On May 1, 1955, John Hancock Mutual Life Ins. Co. issued to Marion Yates a policy of life insurance in the amount of $20,000.00. Betty Yates was named beneficiary in both policies and had both policies in her

involved is whether Betty, the first wife, or Louise, the second wife, is entitled to the insurance proceeds to the extent of the mortgage indebtedness on Betty Yates' house at the time of Marion Yates' death. The answer to it depends on whether Betty did or did not obtain a vested equitable interest in her husband's life insurance and its proceeds, of which

she could not be divested by a later change of beneficiary, as a result of the property settlement and agreement Marion made with her in connection with the divorce. This was that he would, while living, take care of the mortgage indebtedness in accordance with its terms, and that, in the event of his death prior to the time the mortgage indebted-

possession at the time she and Marion Yates entered into a separation agreement prior to divorce.

In the early part of 1956, Betty and Marion Yates separated and thereafter ceased to live together, and Marion, who was then an officer in the Medical Corps, U.S.N., caused his transfer to Miami, Florida. Thereafter he retained an attorney, Joseph Hirschman, in Daytona Beach, Florida, for the purpose of instituting a suit for divorce against Betty Yates. In a letter to Betty, Marion stated that his attorney "wants to receive the papers from your lawyer as well as the insurance policies on my life and you can have your attorney mail them with my insurance policies to my attorney."

Mr. Yates by letter and otherwise promised and represented to Betty Yates that he would, and he did, enter into a binding agreement to provide for her and to pay off the mortgage indebtedness on the house they were living in during his lifetime. He further agreed to make the life insurance policies payable to his estate and to direct the executor of his will to pay off the mortgage indebtedness out of his life insurance proceeds in the event he died before the indebtednss was paid. Thereupon Betty Yates sent the two life insurance policies to Mr. Yates' attorney in Daytona Beach, Florida, for the purpose of changing the beneficiary to Mr. Yates' estate.

In June, 1956, Betty and Marion Yates executed a property settlement agreement dated April 9, 1956, which was incorporated and set out in the final uncontested decree for divorce entered on August 23, 1956, Par. 4 thereof, after reciting that Marion agreed to pay in accordance with its terms the balance of the indebtedness on the house, proceeded as follows:

"and in the event of the death of the said party of the first part prior to payment in full of said indebtedness, the executor of the estate of the said party of the first part, or other personal representative, shall repay the balance due on said indebtedness in full from the

proceeds of life insurance on the life of the said party of the first part or from other assets of his estate."

After approximately twenty-two years of marriage, Betty and Marion Yates were divorced by the final decree of the Circuit Court of Flagler County, Florida, on Aug. 23, 1956.

Almost immediately thereafter Marion married Louise Yates and in September, 1956, approximately one month after the divorce from Betty Yates, he changed the beneficiary of the two policies to his second wife, Louise Yates. On Dec. 14, 1957, he died, and his last will and testament dated Sept. 25, 1957, was, on the petition of Louise Yates, admitted to probate and record on Dec. 20, 1957, in the County Judge's Court in and for Dade County, Florida. Marion Yates was married to Louise Yates approximately fifteen months prior to his death and there were no children of this marriage.

By his will, Marion devised and bequeathed all his property, belongings and possessions to Louise and appointed her executrix of his will. Letters testamentary were issued to Louise Yates and she filed a sworn petition stating that, at the time of his death, Marion owned real estate valued at approximately $2500 and certain personal property consisting of an equity in an automobile, one month's salary and personal effects of an estimated value of $1000. Marion Yates did not direct the executrix of his will to pay off the mortgage indebtedness on Betty Yates' house out of his life insurance proceeds.

The total proceeds of both policies of insurance left in the registry of the court amounted to $25,270.42. Betty claims only $14,463.94, plus interest on that amount from the date of death of Marion. The amount claimed by Betty is the balance of the mortgage on her home at the time of Captain Yates' death. Since Betty was not making claim for the total amount, the trial court entered an order allowing Louise Yates' attorney to withdraw $9500 from the registry of the court, leaving $15,770.42 in the registry of the court.

ness was paid in full, his life insurance would be used to pay the mortgage balance on Betty Yates' house.

Here, citing many cases,[2] one of them Sedell v. Sedell, Fla.App., 100 So.2d 639, from Florida, where, on facts less clear and compelling than those here, it has been held that agreements such as the one made here, vested equitable interests in, or charges on, the policies beyond the power of the husband to destroy or modify, appellant insists that the judgment was wrong and must be reversed and here rendered.

Appellee, on her part, attacking the testimony of Betty Yates and of Atkinson, her attorney in the divorce suit, as not admissible under the Florida "Dead Man's" Statute, Sec. 90.05 Florida Statutes Annotated, Vol. 7 at page 60,[3] and as an attempt, in violation of the parol evidence rule, to vary, alter, or contradict the separation agreement, urges upon us that the agreement does not charge a trust upon, or otherwise vest in Betty an equitable interest in, the policies or their proceeds which put it beyond the power of Marion to change the beneficiary in the policies. Citing in support of this position and relying strongly on Cadore v. Cadore, Fla., 67 So.2d 635, appellee insists that the district judge was right and the judgment must be affirmed.

We do not think so. On the contrary, we are of the clear opinion: that, taken in connection with the circumstances attending its confection and execution, the separation agreement is completely adequate to charge the policies with an equitable interest in favor of appellant; and that the objections to the testimony on the grounds put forward are without merit, both because the invoked statute is not applicable here[4] and because the oral evidence is not contradictory of, but in complete accord with, the separation agreement.

As to Cadore v. Cadore, on which appellee so strongly relies, we find nothing in it which, when its particular facts are considered, conflicts with the holdings in the cases appellant cites. Indeed, the decision in that case is predicated on a finding that "Cadore complied with the terms of the stipulation and the final decree". Here it is admitted that Yates did not comply with the settlement agreement. There is no question made here, as there was there, of the right of Yates to change the beneficiary in the policy. The claim asserted by appellant here is: that Louise Yates, as beneficiary, took her interest in the policies subject to the equitable interest in, or charges upon, them in favor of appellant; and that, upon the husband's death, with the loan

2. Thomson v. Thomson, 8 Cir., 156 F.2d 581, certiorari denied 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679, rehearing denied 329 U.S. 833, 67 S.Ct. 501, 91 L.Ed. 706; Shondy v. Shondy, 55 Cal.App. 344, 203 P. 433; Sedell v. Sedell, Fla.App., 100 So.2d 639; Salinas v. Salinas, 187 Misc. 509, 62 N.Y.S.2d 385; McPhail v. John Hancock Mut. Life, D.C., 108 F.Supp. 902; Prudential Ins. Co. of America v. Rader, D.C., 98 F.Supp. 44; Western Life Ins. Co. v. Bower, D.C., 153 F.Supp. 25. Cf. Kroll v. Kroll, Fla.App., 105 So.2d 495.

3. "No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor * * * or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."

4. McDougald v. Couey, 150 Fla. 748, 9 So.2d 187; Helms v. First Nat. Bank of Tampa, 158 Fla. 168, 28 So.2d 262; Brawner v. Royal Indemnity Co., 5 Cir., 246 F. 637; Richardson v. Gourlie, Fla., 40 So.2d 553; Salinas v. Salinas, 187 Misc. 509, 62 N.Y.S.2d 385.

still unpaid, the policies and their proceeds are, to the extent necessary to discharge the debt on the home, charged with the equitable interest with which Marion as their owner had, by his solemn agreement, charged them.

The judgment was wrong. It is reversed and here rendered for the· Appellant.