135 So.2d 432 (1961)
Thomas H. HALL, Jr., Appellant,
v.
Myrtle H. HALL, Appellee.
No. 61-352.
District Court of Appeal of Florida. Third District.
December 18, 1961.
L.J. Cushman and Morton H. Silver, Miami, for appellant.
*433 Charles H. Spooner, Coral Gables, for appellee.
Before HORTON, CARROLL and BARKDULL, JJ.
PER CURIAM.
Defendant seeks review of an order on rule to show cause in a case involving an alleged failure by the defendant to comply with the terms of a property settlement agreement which was entered into on December 24, 1958, and incorporated into a final decree of divorce on January 8, 1959.
At the time of their separation, the parties owned as tenants by the entireties, and after their divorce as tenants in common, two parcels of land. One parcel contained the family home and a duplex. The other was undeveloped and vacant. Under the terms of paragraph two of the settlement agreement, this property was to be sold, 50% of the net proceeds going to each party, and plaintiff being allowed to live in the home until its sale, defendant to "continue to make all mortgage payments on said property and to maintain and support the First Party and the minor children of the parties in the identical manner that they have been maintained and supported since the separation of the parties."
On March 10, 1961, plaintiff filed a petition for rule to show cause against defendant, charging that he was delinquent, inter alia, in paying real property taxes on the two parcels of property held by the parties as tenants in common which he had agreed to pay under the terms of the settlement agreement. Though payment of taxes was not specifically provided for in the agreement, plaintiff's position before the chancellor, and on appeal, was that payment of these taxes by defendant was contemplated by that portion of the agreement requiring defendant to support plaintiff and the minor children in the identical manner that they had been maintained and supported since the separation of the parties.
After hearing, the chancellor entered the order appealed, finding that defendant was obligated to pay plaintiff $957.27 on delinquent taxes paid by plaintiff upon the sale of the family home and property, and $269.84 in taxes on the vacant parcel which had not as yet been disposed of.
Property settlement agreements made between husband and wife are valid and legal and should be construed and interpreted as other contracts. Clark v. Clark, Fla. 1955, 79 So.2d 426; Kroll v. Kroll, Fla.App. 1958, 105 So.2d 495; Pentland v. Pentland, Fla.App. 1959, 113 So.2d 872. In construing contracts, the court's concern is to determine the intention of the parties from the language used, objects to be accomplished, other provisions in the agreement which might shed light upon the question and the occasion and circumstances under which it was entered into. Clark v. Clark, supra; Coast Cities Coaches, Inc. v. Whyte, Fla.App. 1958, 102 So.2d 848. On appeal, there is a presumption that the construction placed upon a contract by the chancellor is correct and where the appellate court has no clear conviction that this construction is erroneous, it should affirm. Clark v. Clark, supra; Limar Realty Corporation v. Cain & Bultman, Inc., Fla.App. 1958, 104 So.2d 54.
As to the parcel containing the family home, a study of the record fails to clearly establish that the chancellor erred in construing the settlement agreement to mean that taxes should be paid by defendant as part of the maintenance and support enjoyed by plaintiff since the separation of the parties and as to this parcel the order of the chancellor is affirmed.
As to the vacant parcel, there is no intent apparent in the agreement or the record that the taxes be paid by defendant as a part of maintenance and support. However, we affirm this portion of the order appealed insofar as it requires defendant to pay these taxes, but do so without prejudice to his right, upon payment, to *434 seek contribution from plaintiff as a cotenant. See Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A.L.R. 1409; Meckler v. Weiss, Fla. 1955, 80 So.2d 608.
Affirmed.