PER CURIAM.
We adopt the following portions of the trial judge’s opinion as to statements of facts on this appeal.
“THIS CAUSE came on to be heard upon the motions of UNITED STATES FIRE INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, and EMPLOYERS LIABILITY ASSURANCE CORPORATION, LIMITED, for the entry of final judgment in their behalf, and the Court having heard argument of counsel and having considered the memoranda of law submitted by the parties in support of their respective motions, and the Court being otherwise duly advised in the premises, the Court finds that:
“1. The defendant bridge tenders were in the course of their employment at the time of the accident in question. By their verdict, the jury determined that neither the owner nor the operator of the vehicle was guilty of any negligence in the operation or use of the vehicle. Likewise, the employer, DADE COUNTY, in so far as the operation or use of the automobile is concerned, is equally free of liability for the operation or use of any automobile.
“2. Based on a review of this record and upon the jury verdict in this cause which found the defendants, ARNOLD HOLT WESTBERRY, HOWARD DOWNS, MARYLAND INSURANCE COMPANY, and MISSION INSURANCE COMPANY, not guilty, I find that the defendant bridge tender’s motor vehicle was not sufficiently involved to invoke the automobile sections of the policy of either CONTINENTAL CASUALTY COMPANY, UNITED STATES FIRE INSURANCE COMPANY, or any other insurance company covering DADE COUNTY,
“3. During the course of the litigation in question, the plaintiff offered evidence relating to the manner in which the bridge tenders changed shifts. There was also evidence submitted suggesting that the lights were not adequate; that signs should have been posted regarding the condition of the bridge and also relating to the slippery nature of the steel deck which was part of the drawbridge. Evidence was offered in support of the plaintiff’s position to the effect that other steel bridges in Dade County had ‘teeth’ providing more adhesion. Because of this evidence I find that the general liability sections of each of the policies in question (U.S. FIRE and CONTINENTAL) are involved in the loss, but I must further find, as will be described in paragraph 4 following, that only the general liability section of the U. S. FIRE policy applies.”
Based upon these findings the trial judge reached his conclusions as follows:
“4. At the time of the accident of June 11, 1970, the comprehensive general *481 liability insurance section CONTINENTAL CASUALTY INSURANCE policy specifically excluded coverage for Rickenbacker Causeway under endorsement No. A-6. Although endorsement A-6 revised amended endorsement A-6 for a period of time, endorsement A-6 was in effect at the time of the accident. No other portion of the CONTINENTAL policy provided coverage to DADE COUNTY for the complained of accident. of the
“5. Policy No. GA 11-0554 of UNITED STATES FIRE INSURANCE COMPANY provides coverage to DADE COUNTY for Rickenbacker Causeway including streets, sidewalks, bridges, culverts, toll bridges, and drawbridges under its general liability hazards section.
“6. The coverage of UNITED STATES FIRE INSURANCE COMPANY policy No. GA 11-0554 is the only coverage available to DADE COUNTY for the judgment entered herein. . . ”.
* * * * * *
The single point presented on appeal is a question as follows:
“Where an insurance company places an exclusionary endorsement on its policy of insurance and thereafter amends said endorsement by a substituted endorsement, does the cancellation of the substituted endorsement revive the original endorsement ?”
The trial judge answered the question in the affirmative and we affirm. It is apparent from the opinion of the trial judge that he found as a matter of fact that it was the intention of the parties to merely remove the revised exception to the contract and not to remove the original exception. In effect appellant argues that such a finding is not permissible under the law. We have examined the authorities cited and find that they do not preclude the finding made by the trial judge. Therefore, the finding is affirmed upon authority of those cases holding that an appellate court will not reverse the trial court’s construction of a contract unless it is clearly erroneous. See Clark v. Clark, Fla.1955, 79 So.2d 426; Hall v. Hall, Fla.App.1961, 135 So.2d 432.
Affirmed.