311 So.2d 152 (1975)
Arthur E. MOORE, Appellant,
v.
Dorothy M. MOORE, Appellee.
No. 74-938.
District Court of Appeal of Florida, Third District.
April 15, 1975.
*153 Edward C. Vining, Jr. and R.M. MacArthur, Miami, for appellant.
Joseph F. Tomassi, Homestead, Robyn Greene, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Arthur E. Moore appeals that portion of a final judgment of dissolution of marriage awarding alimony, child support and use of the home to the wife, Dorothy M. Moore; requiring the husband to maintain life insurance on his own life and medical and dental insurance for the children, make mortgage payments on the home and ordering the sale of the home in the future with equal division of the proceeds between husband and wife.
First, appellant contends that the trial court erred in failing to specify whether the alimony awarded was rehabilitative or permanent. The record reveals that the trial judge probably intended the alimony to be permanent; however, we return this portion of the decree to the trial court with directions to clarify whether the alimony is permanent or rehabilitative. See Melin v. Melin, Fla.App. 1972, 265 So.2d 414, 416.
Second, we find that it was error for the court to order that the home be sold and the proceeds be split upon the happening of the stated contingencies, because there was no prayer for partition by either of the parties. For this reason, the court was without authority to provide for partition of the home and division of the proceeds. Goodstein v. Goodstein, Fla. App. 1968, 212 So.2d 321. This portion of the final judgment hereby is ordered deleted. The decision of whether and when to partition the subject property must be left to the tenants in common. Valentine v. Valentine, Fla. 1950, 45 So.2d 885.
Third, the judgment is silent as to whether the husband's obligation to pay the mortgage payments was alimony, child support or otherwise, therefore we return this portion to the trial court with directions to specify the classification of the said payments. The nature of the payments will not only have definite tax consequences, but will also be a factor to be taken into consideration when, and if the property is partitioned in the future. See Rogoff v. Rogoff, Fla.App. 1959, 115 So.2d 456.
Fourth, the court was authorized to order the husband to maintain a $75,000 life insurance policy for the benefit of the minor children. Under these circumstances, the insurance on the husband's life provides security for the payment of maintenance and support awarded his minor children. Harloff v. Harloff, Fla.App. 1973, 279 So.2d 91; Bosem v. Bosem, Fla. 1973, 279 So.2d 863.
Fifth, it was proper for the court to order the husband to maintain medical and dental insurance on the children in addition to paying all of their medical and dental expenses. It can be considered as security for payment of those expenses. It is well within the discretion of the trial court to order an ex-husband to pay for his children's medical and dental expenses. Schultz v. Schultz, Fla.App. 1974, 290 So.2d 146. See also Rabinovich v. Rabinovich, Fla.App. 1973, 276 So.2d 206.
Sixth, the court expressly confined its reservation of jurisdiction to the subject matter of the original final judgment. There is a Florida case in which the decree reserving jurisdiction "to resolve issues between the adult parties litigant" was found to be excessively broad,[1] but this does not obtain in the case sub judice. In any future proceedings for modification, the trial judge must act in accordance with the guidelines set forth in the Dissolution of Marriage Act[2] as interpreted by the *154 courts of this State. Therefore, the trial court's reservation of jurisdiction was proper.
The final judgment herein appealed is affirmed in part, reversed in part and remanded to the trial court with directions.
NOTES
[1] Durden v. Durden, Fla.App. 1962, 137 So.2d 29.
[2] See, e.g. §§ 61.13(1) and 61.14, Fla. Stat.