312 So.2d 783 (1975)
Benjamin GREENWALD, As Executor of the Estate of Jeanne Blume, Deceased, Appellant,
v.
Jack T. BLUME, Appellee.
No. 74-699.
District Court of Appeal of Florida, Third District.
May 13, 1975.
Shorenstein & Lewis, Miami Beach, for appellant.
Garber & Buoniconti, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
*784 PER CURIAM.
This is an appeal taken by the plaintiff in the trial court from three separate orders rendered by the court which effectively enter final judgment adverse to the plaintiff.
The record shows that in May, 1973, Jeanne Blume, the decedent, filed a petition for dissolution of marriage against the appellee, Jack T. Blume. The petition specifically requested that the court incorporate into any final judgment the terms of a property settlement agreement entered into between the parties.
Shortly thereafter, on July 26, 1973, Mrs. Blume died and the appellant Benjamin Greenwald, the decedent's son, was appointed executor of the estate.
Subsequently, on August 7, 1973, an amended complaint was filed against the appellee seeking declaratory and other equitable relief.
Following an evidentiary hearing, the trial judge entered the three orders appealed.
Among the findings entered by the court which are germane to this appeal were, first, that the obligations contained in the property settlement agreement were subject to a condition precedent, to-wit: a final judgment of dissolution of marriage; and, second, that the appellee did not deliberately or otherwise frustrate the performance of the condition precedent.
Next, the trial court found that certain furniture, furnishings and personalty located in a Miami Beach apartment in which Jeanne and Jack Blume lived while married was owned by the couple as tenants by the entireties.
Accordingly, the court found that by operation of law the sole right of ownership vested in the appellee upon the death of Jeanne Blume.
The appellant has raised six points on appeal strenuously objecting to the trial court's findings and conclusions of law. We have carefully considered each point in the light of the record, pleadings, briefs and the applicable law.
It is our opinion that the appellant has not demonstrated any reversible error.
On appeal, the construction placed on a contract (including property settlement agreements) reaches us with a presumption of correctness. See, Hall v. Hall, Fla.App. 1961, 135 So.2d 432. And, like other contracts, the polestar guiding the court's determination should be the intention of the parties. Ibid.
In the instant case, we think the court correctly concluded, based upon the testimony before him, that the agreement was intended to take effect upon entry of a final judgment of dissolution of marriage.
We do not agree with the appellant's contention that such testimony should have been excluded because of the parol evidence rule, since the evidence was offered to show the existence of a condition precedent to the agreement. See, Northwestern Bank v. Cortner, Fla.App. 1973, 275 So.2d 317.
Our examination of the record in this case leads us to conclude that the court's other findings are supported by competent substantial evidence; and, therefore, the judgment appealed is affirmed.
Affirmed.
NATHAN, Judge (dissents).
I respectfully dissent. It is my conclusion that the clear and unambiguous language of the property settlement agreement refutes the husband's contention and the trial court's finding that the agreement was subject to a condition precedent. The agreement provides for the division of all property belonging to the parties and mutual releases of rights that each and their heirs may have against the other and specifically recites the following:
"4. SUBSEQUENT DIVORCE. Nothing contained in this Agreement *785 shall be construed to prevent either party from instituting an action for divorce in any competent jurisdiction against the other because of any part or future fault on the other's part, subject to the following:
a. This Agreement may be offered in evidence by either party in any divorce action and, if acceptable to the court, shall be incorporated by reference in the judgment that may be rendered. However, notwithstanding incorporation in the judgment, this Agreement shall not be merged in it but shall survive the judgment and be binding on the parties for all time."
It is uncontradicted that the husband moved out of the marital home, placed in escrow the agreed amount of $50,000 provided in the agreement, and that the wife subsequently filed suit for dissolution. Before final hearing she died. Testimony regarding the intention of the parties should not have been taken after the death of the wife where the contract by its own clear and unambiguous terms discloses that there is no condition precedent to its taking effect. It is a principle of construction of contracts that the words and phrases used in a contract should be given their ordinary and commonly understood and accepted meaning. Bankers Life and Casualty Company v. Gaines Construction Company, Fla.App. 1967, 199 So.2d 482. Property settlement agreements made between husband and wife should be construed and interpreted as other contracts. Hall v. Hall, Fla.App. 1961, 135 So.2d 432. Taking such testimony (especially after the voice of one of the parties to the contract has been stilled by death) amounts to creating a new contract and is a misapplication of the law. Parol evidence is admissible to show a condition precedent. Northwestern Bank v. Cortner, 275 So.2d 317. However, there is nothing in the contract to show that either of the parties intended that a dissolution of marriage be required before the agreement could take effect or become valid and binding. Both parties were bound irrespective of dissolution. The fact that the money was placed in escrow without written instructions is of no moment. By its very terms, the agreement precludes the possibility of divorce being a condition precedent in that it recites, as quoted above, that it will survive irrespective of divorce. If the condition precedent found by the trial court was severance of the bonds of matrimony, the same was effected upon the death of the wife. It was acknowledged by the Florida Supreme Court in Carson v. Oldfield, 1930, 99 Fla. 862, 127 So. 851, 855, that death of one of the parties and a decree of divorce a vinculo, have the same effect of putting an end to the marriage relation, resulting in the immediate cessation of all duties and obligations necessarily dependent upon the continuance of that relation. Even if the contract had carried a provision for divorce as a condition precedent, such provision would have been complied with by her death.