### PALLADENO FINANCIAL GROUP OF BROWARD COUNTY v. JOHNSON.

No. 77-695 SPW.

County Court, Broward County.

October 10, 1977.

Kenneth S. Rubin, Tamarac, for the plaintiff.

Stewart F. LaMotte, Jr., Fort Lauderdale, for the defendant.

HARRY GULKIN, County Court Judge.

*Final judgment:* This matter was tried by the court on October 5, 1977. The court, having had the opportunity to consider the testimony of the defendant, Mary A. Johnson, and having considered the argument of counsel, makes the following determinations of fact and conclusions of law —

1. That the defendant, who was previously known as Mrs. Larry Floyd, was issued a Georgia Bankamericard in the name of "Mrs. Larry Floyd," said card bearing account number 540606277.

2. That from June 1, 1972 to and including October 12, 1976, regular charges were made by the defendant, the result of which caused a balance to be due and owing as of October 12, 1976, in the amount of $718.02.

3. That on August 19, 1976, a separation agreement was entered by and between the defendant while she was then married to Larry Floyd, which provided in paragraph 7, as follows —

> "(2) The husband, Larry Floyd is to pay all of the outstanding indebtedness of the parties, *except the personal charge accounts of the wife.*" (Emphasis added.)

4. That a final judgment and decree of divorce was entered on August 30, 1976, by a superior court judge, Augusta circuit, Georgia. The said final judgment and decree expressly incorporated the provisions of the separation agreement previously entered into by and between the parties on August 19, as referred to above.

5. That it is well established law that the state of Florida is required to recognize and respect the valid final decree or order of a court of another state. Furthermore, the divorce decree entered by the state of Georgia is presumed valid on its face and terms and provisions contained in said final judgment and decree will be honored and implemented in this state. *Newton v. Newton,* 245 So.2d 45 (Fla. 1971).

6. That the law of this state provides that separation agreements are to be construed and interpreted as are other contracts. They should be given a realistic interpretation based on plain meaning unless the context shows that the parties intended that an unusual meaning should be given. Where there is a controversy concerning the meaning and effect of a property settlement, it is the responsibility of the court to determine the intention of the parties, which is to be done by considering the language used in the agreement in the light of the surrounding circumstances and the objects which the parties sought to accomplish. *Hall v. Hall,* 135 So.2d 432 (Fla. 3rd DCA 1961); 10A Fla. Jur., *Dissolution of Marriage, Separation, and Annulment,* Sec. 14.

84

7. That the word "personal" is defined to mean — "Belonging to an individual; limited to the person" (Black's Law Dictionary, 4th Edition, 1951).

8. That the court, after having had an opportunity to carefully examine all of the records submitted on behalf of the plaintiff pertaining to expenditures made by the plaintiff, concludes that the indebtedness is attributable to the "parties" and is not in the legal category of being a "personal charge account of the wife" as referred to in paragraph 7 (2) of the separation agreement referred to above.

Based on all of the aforesaid, therefore, it is ordered and adjudged that the plaintiff, Palladeno Financial Group of Broward County, a Florida corporation, assignee of the First National Bank of Atlanta, d/b/a Bankamericard, recover nothing from the defendant, Mary A. Johnson, on its complaint filed in this cause.