ANSTEAD, Judge,
specially concurring:
This is a rather unusual case, and while I concur in the result reached by the majority, I feel it appropriate to comment on that point on appeal urged by the husband relative to the trial court’s interpretation of the parties’ property settlement agreement.
In post dissolution proceedings, the trial court entered a final judgment awarding the appellee wife $30,375.00 based upon its interpretation of a provision in a property settlement agreement which required the appellant husband to pay the wife a share of his bonuses for 1974,1975, and 1976 from two corporations in which he had a stockholder’s interest. The pertinent portion of the property settlement agreement, executed in 1974 and incorporated into a judgment of dissolution of marriage entered that same year, provided for the following:
7a) Husband is owner of 50% of the stock of Character Homes, Inc., a Florida corporation, and is also vice-president of such corporation. Husband represents that said corporation now owns a home known as “Galaxy”, another home known as “Galaxy II”, and Lots 189, 240 and 241 in Tequesta Subdivision of Palm Beach County, Florida, Plat Book 25, Pages 7-15 inclusive. Husband shall cause such corporation to sell all of the above as soon as reasonably possible and pay to Husband his “bonus” equal to one-half of the corporate profits in excess of $25,000.00 during 1974, 1975 and 1976. Upon receipt of such “bonus” Husband shall pay an amount equal to one-half thereof to Wife. Apartment 209 of Riverkey Condominium, in which the Husband presently lives, shall not be considered as a “bonus” or portion thereof.
b) Husband owns one-third of the outstanding stock of Realtek Real Estate, Inc., a Florida corporation. Husband represents to Wife that he is to receive a “bonus” or payment equal to one-third of the net profits in excess of $25,000.00 of such corporation during the calendar years 1974,1975 and 1976. Husband shall pay to Wife one-half of any such “bonus” or payment received immediately upon receipt of same by Husband; .
In January of 1975, the husband entered into an exchange of stock with one Don *250 Boese, a stockholder in both Character Homes, Inc. and Realtek Real Estate, Inc. in which the husband exchanged his one-half ownership in Character Homes for Boese’s one-third interest in Realtek. As a result of the transaction, the husband divested himself of all interest in Character Homes, but increased his ownership interest in Realtek from one-third to two-thirds.
The trial court, in determining what the wife was owed under the provisions of the property settlement agreement, held that the husband’s bonuses under the agreement should be computed on the basis of two-thirds of the net profits of Realtek, rather than the one-third stated in the agreement, since the husband now owned two-thirds of the stock. The court’s decision was based upon what it perceived to be an equitable method for enforcing the intent of the property settlement agreement, that of providing the wife with an expectancy of income in direct proportion to the economic fortunes of her husband. And although the decision appears to alter or modify the literal terms of the agreement, I think the result is correct.
As with any other contract, the polestar guiding the court’s interpretation of a property settlement agreement should be the intention of the parties. Greenwald v. Blume, 312 So.2d 783 (Fla. 3d DCA 1975). That intention is to be determined by considering the language used in the agreement in light of the surrounding circumstances and the objects which the parties sought to accomplish. Hall v. Hall, 135 So.2d 432 (Fla. 3d DCA 1961).
While the property settlement agreement herein contained no provision expressly addressing the effect of any sale or exchange of the stock of the two corporations held by the husband, it is clear that the agreement did not contemplate such action by the husband. However, in fact the exchange has been accomplished. The question now is whether the husband should be permitted to reduce his obligation by the voluntary exchange of stock. Clearly the wife would not have agreed to this if the issue had been specifically addressed at the time the agreement was executed. Are we now to deny her recovery because there was no specific provision covering such eventuality? I don’t think so. If in fact this specific exchange of stock was anticipated at the time the contract was executed it is highly probable that the wife would have only agreed to such an exchange if she were to receive similar benefits from any bonuses generated by the substituted stock. To hold otherwise would be to encourage cheating on agreements which rely upon the good faith of the parties for their performance.
By finding that the husband’s additional one-third interest in Realtek was the fungible equivalent of his former one-half interest in Character Homes surrendered in the exchange, the effect of the trial court’s decision was not to modify the terms of the property settlement agreement but rather to enforce the terms thereof in accordance with the intent of the parties and the spirit of the agreement.