398 So.2d 915 (1981)
Arthur Clayton ZEDIKER, Appellant,
v.
Mary Catherine ZEDIKER, Appellee.
No. WW-298.
District Court of Appeal of Florida, First District.
May 5, 1981.
Rehearing Denied June 12, 1981.
Earl R. Duncan, Panama City, for appellant.
William E. Harris, Panama City, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment of dissolution of this 15-year marriage, awarding alimony to the wife and support for the three minor children of the parties. We reject appellant's first contention on appeal, as we find that the award of permanent periodic alimony to appellee was supported by competent substantial evidence. Sisson v. Sisson, 336 So.2d 1129 (Fla. 1976).
Appellant's second contention, that the trial court erred in ordering him to make utility and mortgage payments without classifying such payments as alimony or child support, has merit. In its final judgment, the trial court awarded the marital home and furnishings to appellee as her sole property, and stated:
Husband is further hereby ordered to make the monthly mortgage payment on said property, in the amount of $200.68 per month, until same is sold or until the mortgage presently existing on said premises is paid in full. Husband shall further pay the utilities consumed by Wife and the parties' children at the former marital residence up to but not exceeding the sum of $160.00 per month.
Appellant argues that Moore v. Moore, 311 So.2d 152, 153 (Fla. 3d DCA 1975), cert. denied, 324 So.2d 87 (Fla. 1975), requires clarification of this portion of the order below. The Moore case, supra, holds that the trial court erred in failing to specify whether the husband's obligation to pay mortgage payments was alimony or child support. The court noted the tax consequences of such a classification in reversing and remanding the judge's order for clarification. Similarly, in Jassy v. Jassy, 347 So.2d 478 (Fla. 2d DCA 1977), it was held erroneous to require the husband to pay mortgage payments on a home awarded to the wife without properly classifying the award or providing for termination of payments upon the wife's remarriage or death.
Accordingly, that portion of the final judgment which orders the husband to *916 make utility and mortgage payments is reversed and remanded, with directions that the payments be reclassified as alimony or child support subject to termination on the same terms. In all other respects, the final judgment is affirmed.
LARRY G. SMITH, J., and OWEN, WILLIAM C., Jr. (Retired), Associate Judge, concur.