EQUITABLE LIFE ASSURANCE
SOCIETY OF the UNITED
STATES, Plaintiff,

v.

Betty FLAHERTY, et al., Defendants.

Civ. A. No. 82–1094–H–B.

United States District Court,
S.D. Alabama, S.D.

Aug. 2, 1983.

Celia J. Collins, Mobile, Ala., for plaintiff.

J.M. Druhan, Mobile, Ala., for Betty Flaherty.

Martin M. Dennis, Coral Gables, Fla., Constance S. Aune, Mobile, Ala., for Linda Flaherty & Kelly Flaherty.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAND, Chief Judge.

### I. *Introduction*

This cause comes on before the Court pursuant to plaintiff life insurance company's interpleader action to determine the rights to $10,000.00 of the proceeds of one Joseph Flaherty's life insurance policy. All parties agree that there are no genuine issues as to any material facts and that determination of the merits of the case may be made on submission of briefs of the legal issues for all parties.

This interpleader action concerns the competing claims of Linda Flaherty, the first wife of Joseph Flaherty, on behalf of their minor daughter, Kelly Lynn·Flaherty, and of Betty Flaherty, the second wife of Joseph Flaherty and the named beneficiary of the policy in question. Linda Flaherty's claim of right, on behalf of Kelly, to the proceeds in question is founded upon the failure of Joseph Flaherty, pursuant to his agreement and the subsequent court order at the time of their divorce, to maintain a life insurance on himself in the amount of $10,000.00 in which Kelly was to be designated as the irrevocable beneficiary.

For the reasons set forth in the body of this decision, the Court concludes that Kelly Flaherty, minor child of Joseph Flaherty by his first wife Linda Flaherty, is entitled to that portion of the proceeds, in the amount of $10,000.00, of the insurance policy in question which was heretofore deposited by Equitable Life with the Clerk of this Court.

### II. *Findings of Fact*

The parties agree that there are no factual issues in dispute. Based on the stipulations of the parties and the records submitted herein, the Court makes the following Findings of Fact:

1. Linda Flaherty and Joseph Flaherty were lawfully married on the 27th of January, 1968. There was one child born of this marriage on or about 1971, to-wit: Kelly Lynn Flaherty.

2. Linda and Joseph Flaherty entered into a Custody and Property Settlement Agreement on or about the 20th of April, 1978 which was adopted by the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida and incorporated into a Final Judgment of Dissolution of Marriage rendered June 8, 1978.

3. Both the Custody and Property Settlement Agreement and the Final Judgment of Dissolution of Marriage contained the following relevant provision:

> Furthermore, the HUSBAND agrees to maintain a life insurance policy in the amount of $10,000.00 on himself making the parties minor child the irrevocable beneficiary on same.

4. At the time both the Custody and Property Settlement Agreement and the Final Judgment of Dissolution of Marriage were rendered, there was no life insurance policy in effect or in existence on Joseph Flaherty's life.

5. Subsequent to the above-mentioned Judgment of Divorce and before June 8, 1981, Joseph Flaherty lawfully married Betty Flaherty, a defendant herein.

6. On or about June 8, 1981, Joseph Flaherty was employed in Texas by Champion International Corporation, an Ohio corporation with its principal place of business in Hamilton, Ohio and thereby became eligible for life insurance under the corporation's group insurance plan.

7. On or about June 8, 1981, Joseph Flaherty prepared an application for insurance coverage, as provided by Champion International Corporation, in which he designated Betty Flaherty as primary beneficiary of any and all life insurance proceeds and further designated Pamela E. Flaherty, his adopted daughter of this second marriage, as alternative beneficiary thereof. Joseph Flaherty was insured under Policy No. 15888 issued by The Equitable Life Assurance Society of the United States, a corporation organized under the laws of the State of New York with its principal place

of business in New York, and provided by Champion International Corporation.

8. Joseph Flaherty died on the 24th day of January, 1982.

9. At no time subsequent to the Final Judgment and Dissolution of Marriage of Linda and Joseph Flaherty did Joseph Flaherty obtain a policy of life insurance insuring his life and naming as primary beneficiary thereof the minor child, Kelly Lynn Flaherty.

10. At the time of Joseph Flaherty's death, his life was insured under only one policy of insurance, that being group life insurance policy number 15888, as issued by Equitable Life and provided by Champion International.

11. As of the date of Joseph Flaherty's death, the face amount of the above-described insurance policy was $53,100.00 plus interest.

12. On or about February 2, 1982, Betty Flaherty filed a Beneficiary's Statement as required by plaintiff to assure payment of the proceeds of Joseph Flaherty's insurance policy.

13. Linda Flaherty, acting on behalf of the minor child, Kelly Lynn Flaherty, notified plaintiff of her claim to $10,000.00 of the life insurance proceeds on or about February 26, 1982.

14. On or about April 5, 1982, $43,603.03, all of the proceeds of the above-mentioned insurance policy with the exception of $10,-000.00, was paid by Equitable Life Assurance Society of the United States to Betty Flaherty, as named beneficiary.

15. On or about October 15, 1982, the plaintiff life insurance company filed this interpleader action and deposited the $10,-000.00 in question into the Court.

16. Betty Flaherty claims the right to the remaining $10,000.00 in proceeds by virtue of the fact that she is named beneficiary on the policy.

17. Linda Flaherty claims the right to the remaining $10,000.00 in proceeds on behalf of the minor child, Kelly Lynn Flaherty, by virtue of the Final Judgment of Dissolution of Marriage of Linda and Joseph Flaherty.

18. On March 29, 1983, by order of this Court pursuant to plaintiff life insurance company's motion for discharge, said plaintiff Equitable Life Assurance Society of the United States was discharged from this action without any further responsibility.

### III. *Issues*

1. Whether, in determining the defendants' opposing claims to the $10,000.00 in life insurance proceeds, the law of Alabama, Florida, New York, Ohio or Texas [1] is to be applied.

2. Whether or not a Judgment of Dissolution of Marriage naming a minor child as irrevocable beneficiary of a life insurance policy vests an undefeatable equitable interest in the minor child.

3. Whether or not a designation of beneficiary of life insurance proceeds, as provided by the insured, pursuant to the terms of said policy, defeats a prior order of court requiring that the insured's minor child be named irrevocable beneficiary of life insurance proceeds to the extent of $10,000.00.

### IV. *Conclusions of Law*

Both defendants have stipulated that the law of the State of Florida, wherein the divorce decree was rendered, should govern in this case pursuant to the general principles of conflict of laws. Cases cited in support of this contention include *Murphy v. Travelers Insurance Company,* 534 F.2d 1155 (5th Cir.1976) (held that the issue concerning the effect of the terms and conditions of a California divorce requiring the father to name his minor children as "irrevocable" beneficiaries of an insurance policy must be determined by reference to California law); and *Travelers Insurance Company v. Fields,* 451 F.2d 1292 (6th Cir.1971) (held that Kentucky law applied to abro-

---

1. The case was filed in Alabama, the state in which one of the defendants, Betty Flaherty, resides. The divorce decree was issued in Florida. The insurance contract was executed in Texas. The policy was issued by a corporation headquartered in New York through the employee benefit program offered by a corporation headquartered in Ohio.

gate the interest of a divorced spouse named as beneficiary even though the beneficiary designation was not altered on the policy after the Kentucky divorce decree was rendered and the divorce decree was silent concerning the insurance policies in question).

This Court agrees that the law of Florida controls the respective rights of the parties in this case pursuant to Alabama choice-of-law rules. See, *e.g., Amason v. Franklin Life Insurance Company,* 428 F.2d 1144 (5th Cir.1970) (held that the United States District Court for the Middle District of Alabama correctly applied Texas law to affirm former wife's right to receive one-half of proceeds of life insurance policy, despite husband having changed the beneficiary designation from former wife to brother-in-law after he moved to Alabama, because their Texas divorce did not automatically divest either spouse of his or her interest in the life insurance policy which was acquired with community funds during their marriage.) See also, *Aetna Life & Casualty Co. v. Spain,* 556 F.2d 747 (5th Cir.1977).

The power of the Florida court to order that a father provide security for the support of a minor child in the form of life insurance cannot be disputed. See, *e.g., Bosem v. Bosem,* 279 So.2d 863 (Fla.1973); *Becker v. King,* 307 So.2d 855 (Fla.App. 1975); *Perkins v. Perkins,* 310 So.2d 438 (Fla.App.1975); and *Moore v. Moore,* 311 So.2d 152 (Fla.App.1975).

In *Bosem,* the Supreme Court of Florida reversed the Florida District Court of Appeals holding that the trial court was without power to require that Mr. Bosem maintain a life insurance policy payable to the minor children until they reached majority or are emancipated. The District Court had reasoned that such a requirement amounted to a provision for the payment of child support after the death of the father and that such provisions are often a part of property settlement agreements but they may not be imposed by the trial court. The Supreme Court, however, held that under the Florida divorce statute pertaining to the care, custody and maintenance of the children of the marriage, a divorce judgment may include the requirement that, "as security for the support of his minor children in the event of his death, a divorced father maintain a life insurance policy on his life for the benefit of his children until such time as they reach majority." The *Becker* and the *Moore* courts followed *Bosem* in declaring that, "as security for the support of his minor children, the trial court is empowered to require a divorced father maintain life insurance on his life for the benefit of his children at least for such time as he is responsible for their support." *Becker, supra,* at 860. See also *Moore, supra,* at 153. In *Perkins, supra,* although the court deemed the provision requiring the husband to "maintain the life insurance policies presently in effect on the lives of [husband, wife and children]" to be overly broad and ruled that "the chancellor has no authority to require a husband to maintain life insurance for the benefit of the wife after final judgment," the court did recognize that "a husband may be required to maintain life insurance for the benefit of his children." *Id.* at 439.

In the instant case, the Circuit Court of Dade County, Florida made such an order by incorporating the settlement agreement which provided that Joseph Flaherty "maintain a life insurance policy in the amount of $10,000.00 on himself making the parties minor child the irrevocable beneficiary on same." The purpose of said order was clearly to provide security for the support of his minor daughter, Kelly Lynn, in the event of his death.

A final divorce decree which orders that a father maintain a life insurance policy on himself for the benefit of his minor child vests that child with an undefeatable equitable interest in the policy. In *Sedell v. Sedell,* 100 So.2d 639 (Fla.App.1958), the court held that a husband's subsequent marriage could not operate as a valid ground for modifying that portion of a settlement agreement, or the subsequent final divorce decree, whereby he agreed to maintain an existing policy of insurance on his

life in which the former wife was named as beneficiary and his children were named as alternative beneficiaries. The court concluded that the wife acquired a vested interest in the policy and that in consideration for this right, she relinquished all interest she had in certain other property owned by the parties and retained by the husband under the agreement. The court reasoned that:

> Each of the parties is justified in relying upon the property settlement provisions of a settlement agreement in planning the future course of their respective lives. Rights acquired under such agreements cannot be destroyed nor withdrawn by the courts upon the mere representation of either party that further compliance with the contract would prove burdensome or inconvenient. This is particularly true when the agreement has been ratified and confirmed by the court and incorporated in a final decree of divorce.

*Id.* at 642.

In *Yates v. Yates,* 272 F.2d 52 (5th Cir. 1959), the Court of Appeals reversed the Florida District Court's judgment in favor of the second wife of the decedent and held that where decedent, at time of divorce from his first wife, entered into a settlement agreement wherein he agreed to take care of the mortgage indebtedness on the first wife's home and, in the event of his death prior to the time such mortgage was paid in full, his life insurance would be used to pay the mortgage balance, such agreement was adequate to charge his life policies with an equitable interest in favor of his first wife. Decedent's second wife, as a subsequently named beneficiary of the policies, took an interest in or charges upon them in favor of the first wife. One of the cases cited in *Yates* in support of the vesting of equitable interests in life insurance policies is *Thomson v. Thomson,* 156 F.2d 581 (8th Cir.1946), *cert. denied,* 329 U.S. 793, 67 S.Ct. 370, 91 L.Ed. 679 (1946), *reh'g denied,* 329 U.S. 833, 67 S.Ct. 501, 91 L.Ed. 706 (1946), in which the following is quoted:

> Equities may be established in the first instance by a contract with the insured, particularly where the claimant's part has been fully performed. If sufficient consideration appears to support the insured's promise to make the claimant the beneficiary or not to change the designation so as to deprive the named beneficiary of his interest therein, the claimant takes a vested interest in the proceeds. And this is true regardless of the fact that the policy gives the insured the right to change the designation.

*Id.* at 585.

■ While *Perkins, supra,* indicates that a distinction now exists whereby a Florida court is empowered to mandate insurance coverage for the benefit of a minor child and not for the benefit of the first wife, the process by which the minor child acquires a vested interest in the life insurance policy remains the same. In the instant case, Kelly Flaherty's equitable interest in $10,000.00 of the proceeds of the life insurance policy procured by her father, Joseph, was established in the first instance by the settlement agreement willingly and voluntarily entered into by Joseph. Based on the terms and provisions of the Custody and Property Settlement Agreement entered into by Linda and Joseph Flaherty on April 20, 1978 and subsequently incorporated into the final divorce decree, it is the opinion of this Court that sufficient consideration was given to support Joseph Flaherty's promise to maintain the above-stated insurance coverage for the benefit of his daughter, Kelly Lynn, and thereby to vest Kelly's interest in $10,000.00 of the proceeds of the only insurance policy procured by Joseph.

Linda Flaherty cites to *Dixon v. Dixon,* 184 So.2d 478 (Fla.App.1966), in support of her contention that as of the date the property settlement was adopted and incorporated into the final order by the court, the minor child Kelly Lynn acquired a vested equitable interest in a $10,000.00 policy on the life of Joseph Flaherty which could not be defeated by any further action by Joseph. The *Dixon* court held that the terms of the divorce decree, which required the

decedent "to maintain and keep current with his employment any and all policies on his life, which such policies shall be made payable to the minor child herein" (*Id.* at 479), were "so encompassing as to amount to a surrender of the essential incidents of ownership" (*Id.* at 481), thereby making decedent's subsequent attempt to designate his brother as beneficiary ineffective. The decedent named his brother as beneficiary of a replacement policy which was issued by his employer upon the changing of insurance underwriters. The *Dixon* court found that it was of no significance that the replacement policy was virtually a new policy and concluded that:

> So far as decedent's obligation under the [settlement] stipulation was concerned, he had no power in contemplation of law to name anyone other than his son, James, Jr. as the beneficiary .... "

*Id.* at 481. See also, *Pensyl v. Moore,* 415 So.2d 771 (Fla.App.1982) in which the court adopted and applied the ruling of *Dixon* and in which the facts were exactly parallel to those of *Dixon.*

■ Betty Flaherty takes issue with the application of *Dixon* to the instant case in light of the fact that, in *Dixon,* an insurance policy existed and was identifiable at the time of the divorce. No identifiable insurance policy existed at the time of Joseph and Linda Flaherty's divorce and no policy was ever obtained whereby Joseph

Flaherty's minor child, Kelly Lynn, was ever named beneficiary.[2]

■ The Court agrees that the present case, herein the husband has obviously been ordered to obtain an insurance policy, differs from the many other cases, including *Dixon,* wherein a party to a divorce has been ordered to maintain an existing policy naming a minor child as beneficiary. However, in view of the intent and purpose of the decree, to-wit: providing security for the support of a minor child, this Court does not find the difference to be significant or distinguishable. The *Dixon* court found the fact that the employer changed the insurance underwriters, thus replacing the policy which was in effect at the time the settlement agreement was entered into, to be of no significance and would not allow "the obvious intent of the divorce decree to be casually disregarded under the guise of insurance policy provisions designated to fit other purposes." *Id.* at 481. Joseph Flaherty was uninsured at the time he voluntarily entered into a settlement agreement stipulating that he was to "maintain a life insurance policy in the amount of $10,000.00 on himself making [Kelly Lynn] the irrevocable beneficiary ...." Both parties to the agreement were well aware that a policy of that nature did not exist at the time. Therefore, the clear intent of the divorce decree was that Joseph Flaherty *obtain*

---

**2.** As a result of this alleged distinction, Betty Flaherty contends that, as of the date of Mr. Flaherty's death, the provision in the divorce decree became unenforceable, except by an action against his estate. Betty Flaherty analogizes this provision of the divorce decree with that of a gift for which the property must be in esse at the time of the attempted donation. Betty Flaherty further contends that equity requires consideration of the relative knowledge of the parties involved, to-wit: Linda Flaherty clearly had knowledge of the terms of the final divorce decree and, pursuant to Florida law, had the right and obligation to seek enforcement of the same, while Betty Flaherty on the other hand, had no knowledge of the terms and, if she had known, she could have urged Mr. Flaherty to increase his insurance amount.

This case does not involve a gift which results from a voluntary transfer of personal property made without consideration. Rather,

this case involves an insurance policy which the court ordered the father, Joseph Flaherty, to obtain for the benefit of his daughter pursuant to his agreement, by written stipulation concurrent with the bargaining inherent in the divorce settlement. This Court finds no merit in the proposition that this action, brought in equity, is inappropriate to assert Kelly Lynn Flaherty's equitable title to the proceeds in question. The Court, likewise, finds no support for the contention that Linda Flaherty's failure, pursuant to Florida law, to seek enforcement of the divorce decree prior to the death of Joseph Flaherty should be imputed to or chargeable against the equitable interest acquired by her daughter, Kelly Lynn Flaherty. Betty Flaherty's knowledge of the terms of the divorce decree is irrelevant because the legal issues sub judice involve the action, or inaction, of Joseph Flaherty alone.

such insurance for the benefit of Kelly Lynn Flaherty.

The Court concludes that, so far as decedent Joseph Flaherty's obligation under the stipulation of the divorce decree requiring that he maintain the above-mentioned insurance coverage, he had no power in contemplation of law to name anyone other than his daughter, Kelly Lynn, as beneficiary to the extent of $10,000.00 in proceeds of the only insurance policy he secured after said divorce decree. Betty Flaherty, as named beneficiary of the policy, thus may claim title to the proceeds of the policy subject to the equitable interest which Kelly Lynn Flaherty acquired by virtue of the divorce decree. The designation of Betty Flaherty as beneficiary of the life insurance proceeds by the insured, Joseph Flaherty, pursuant to the terms of said policy, does not defeat the prior order of court requiring that the insured's minor child be named irrevocable beneficiary of life insurance proceeds to the extent of $10,000.00. To rule otherwise would defeat the obvious intent of the property settlement and the final divorce decree and would abrogate the power of any Florida court to equitably provide security for the care, custody and maintenance of minor children, a statutory mandate, by ordering that insurance coverage be obtained and maintained in their benefit.

Based upon the above Findings of Fact and Conclusions of Law, the Court will this day by separate document enter judgment in favor of Linda Flaherty, on behalf of Kelly Lynn Flaherty, for that portion of the life insurance proceeds of one Joseph Flaherty in the amount of $10,000.00 which was heretofore deposited with the Clerk of the Court.