DELL, Judge,
dissenting:
In my opinion, the trial court erred when it awarded the wife the sum of $12,000 as lump sum alimony and gave her possession of the marital home until the husband fully paid the award.
In this less than three year marriage, the record neither demonstrates any evidence showing that the parties accumulated assets during their marriage which required the award to facilitate an equitable distribution, nor does it support the award as an alternative to periodic rehabilitative alimony. On the other hand, the record does support the conclusion that the husband could only pay the lump sum award by selling the marital home which would result in the wife receiving almost 50% of the husband’s net worth.
The trial court also erred when it conditioned the termination of the exclusive use of the marital home upon the husband’s payment of the lump sum award without making provision for termination in the event of her remarriage, the husband’s death, or upon the couple’s son reaching majority. See, Messal v. Messal, 424 So.2d 932 (Fla. 1st DCA 1983); Zediker v. Zediker, 398 So.2d 915 (Fla. 1st DCA 1981).
Therefore, with all due respect to the majority, I would reverse and remand this cause to the trial court with directions to vacate the lump sum alimony award of $12,000.