PER CURIAM.
This is an appeal by a husband from a final judgment of dissolution. There are three issues:
I.Whether the court erred in not clarifying paragraph 5 of the final judgment because the said paragraph does not state what is to become of the marital domicile upon the remarriage of the wife. The parties agree that the trial court was in error.
II. Whether the court erred in failing to specify what in the final judgment constituted alimony, what type of alimony, and the duration of same. The parties agree that the trial court was in error.
III. Whether the court erred in that it abused its discretion in the amount of alimony and child support which it ordered the husband to pay to the wife. We conclude that it did not.
As for the first issue, we remand for clarification. See Scheuermann v. Scheuermann, 423 So.2d 411 (Fla. 4th DCA 1982), and Caldwell v. Caldwell, 400 So.2d 1270 (Fla. 5th DCA 1981).
We similarly remand for clarification of the second issue. See Zediker v. Zediker, 398 So.2d 915 (Fla. 1st DCA 1981), a situation similar to this one, in which the court ordered the husband to make mortgage and utility payments. Noting that there are tax consequences to be considered, the appellate court remanded in Zediker for denomination of these expenses as child support or alimony. The trial court on remand should so classify the mortgage and insurance payments.
In all other respects we affirm the trial court.
GLICKSTEIN and BARKETT, JJ., and SCOTT, ROBERT C., Associate Judge, concur.