415 So.2d 771 (1982)
Carol PENSYL, Appellant,
v.
Michael Steven MOORE, Melisa Anne Moore, Kevin Moore, Minors by Their Next Friend, Mary Ann Moore, Their Mother, and Patrick Samuel Moore, Individually, Appellees.
No. 81-1722.
District Court of Appeal of Florida, Third District.
May 25, 1982.
Rehearing Denied July 15, 1982.
*772 Alldredge & Gray and James H. Gray, Jr., Miami, for appellant.
Weintraub, Weintraub, Seiden, Dudley & Press and Albert L. Weintraub, Miami, for appellees.
Before SCHWARTZ, NESBITT and FERGUSON, JJ.
SCHWARTZ, Judge.
In a 1973 property settlement agreement which was incorporated into a final judgment of dissolution, Jerry Moore agreed with his then-wife that
[t]he Husband shall maintain and remain the owner of all life insurance policies on his life with the minor children herein as the direct or indirect beneficiaries thereof.
At the time, Mrs. Moore was named as the primary beneficiary and their four children the secondary or contingent beneficiaries of several family and group term life insurance policies, as well as of his retirement pension plan. Subsequently, however, Moore effected a purported change in the designated primary beneficiary of each of these benefits from his ex-wife to his girl-friend, the present appellant, Carol Pensyl. Although the children remained as secondary beneficiaries, this action, if deemed effective, violated the requirement that they continue as either "direct or indirect" beneficiaries of the policies. The expression, which is unknown to the law of insurance, was obviously adopted so that the children would indeed receive the benefits in question upon Moore's death  either "directly," that is, in their own names, or "indirectly," through Moore's estate or their mother, as was provided when the dissolution took place. Just as obviously, the children would receive no proceeds whatever if Ms. Pensyl were the actual recipient of the benefits.
In 1980, Mr. Moore died. At the conclusion of what became essentially an interpleader action between Ms. Pensyl and the Moore children over the benefits in question, both sides moved for summary judgment on concededly undisputed facts. The trial court granted the Moores' motion and Pensyl appeals.
We affirm on the basis of our agreement with the trial court that the issue is controlled by the almost identical case of Dixon v. Dixon, 184 So.2d 478 (Fla.2d DCA 1966), cert. discharged, 194 So.2d 897 (Fla. 1967), rather than Cadore v. Cadore, 67 So.2d 635 (Fla. 1953), upon which the appellant wholly relies. Most significant of the decisive points of similarity with Dixon and distinction with Cadore is the fact that the agreement here required Moore to maintain his ownership of and the children's beneficial interest in the policies in question. In contrast, Cadore was bound only to effect an initial change in the beneficiaries and was *773 not obliged to refrain from permitting the policy to lapse, from again altering the beneficiary, or from transferring ownership of the policies altogether. The latter is just what occurred in Cadore, in which the transferee, Cadore's new wife, actually paid several premiums before the insured's death. These circumstances are again unlike this case, in which Moore himself, in accordance with his agreement, made all the required payments. Thus, the following statements in Dixon are both correct and controlling in this case.
The Cadore decision, however, does not control in the instant case because of the strikingly different provisions of the stipulation and decree. The decedent here was required `to keep current any and all policies in connection with his employment.' Thus he failed to retain those crucial incidents of ownership and control which the Supreme Court found that the deceased in Cadore had retained. The policies here could not be allowed to lapse (except by the insured's leaving his employment), and were required to be made and kept payable to his son, James, Jr. This was a continuing obligation. It could not be discharged by making one change of beneficiary; it could not be totally disregarded later by revoking the beneficiary or by any other change. Unlike the Cadore situation,[[1]] the policy here had no cash or loan value which could have been liquidated by the insured; this insurance was, in effect, a term policy which only became operative upon death. In addition, there was no actual policy ever issued by the carrier, and the only apparent evidence of the policy, the company's certificate of insurance, was in the possession of the beneficiary's guardian, rather than in the possession of the deceased as in Cadore.

* * * * * *
We hold that the terms of the stipulation were so encompassing as to amount to a surrender of the essential incidents of ownership. If a person may make a parole gift of his policy ownership, a fortiori he may, by written stipulation concurrent with the bargaining inherent in a divorce settlement, similarly divest himself of his ownership interest in an insurance policy.
* * * * * *
... So far as decedent's obligation under the stipulation was concerned, he had no power in contemplation of law to name anyone other than his son, James, Jr., as beneficiary. There was no consideration given by anyone for the unauthorized change of beneficiary, no rights of third parties intervened and no person other than the deceased (and his employer) paid the premiums. Under these circumstances we will not allow the obvious intent of the divorce decree to be casually disregarded under the guise of insurance policy provisions designed to fit other purposes. It would be futile, as we glean from the record, to remand the appellant to some breach of contract action against this decedent's estate. Moreover, we conclude that the present action, brought in chancery, is an altogether appropriate vehicle for the appellant to assert equitable title to the proceeds. See Yates v. Yates, 272 F.2d 52 (5th Cir.1959).
184 So.2d at 480, 481. See also Yates v. Yates, 272 F.2d 52 (5th Cir.1959); Sedell v. Sedell, 100 So.2d 639 (Fla. 1st DCA 1958). The summary judgment holding that Moore's children were the owners of the pension plan and the policies in dispute and are therefore entitled to the proceeds is accordingly
Affirmed.
NOTES
[1] As well as the present one.