PER CURIAM.
This appeal involves events subsequent to remand in State v. Mosier, 392 So.2d 602 (Fla. 3d DCA 1981). In that case, the court held:
We vacate the order appealed and remand for an evidentiary determination of whether or not the suitcase was effectively detained because of state action pertaining to the officer’s investigation. If so, then the motion to suppress should be granted; if the suitcase was not seized prior to Dewey’s sniff, then the motion should be denied.

State v. Mosier, supra.

Pursuant to our mandate, the trial court conducted an evidentiary hearing and found that the suitcase in question was not detained because of state action. Consistent with our mandate, the trial court then denied the motion to suppress. Thereafter, the defendant entered a plea of nolo con-tendere, reserving his right to appeal the denial of the motion to suppress.
We have examined the record in detail and conclude that the trial court’s finding of “no state action” is supported by uncon-troverted evidence. The judgment and sentence are, accordingly, affirmed.
Affirmed.