432 So.2d 806 (1983)
Deborah Ann VATH, Stacie Lynn Vath, a Minor, and Troy Anthony Vath, a Minor, Appellants,
v.
Janice W. VATH, Appellee.
No. AN-488.
District Court of Appeal of Florida, First District.
June 15, 1983.
John Paul Howard, Jacksonville, for appellants.
Henry M. Coxe, III, of Coxe & Anderson, Jacksonville, for appellee.
BOOTH, Judge.
Appellant appeals the final order of the trial judge awarding insurance proceeds to *807 appellee, wife of the insured, rather than to decedent's minor children by his prior marriage. Because we conclude that the trial judge erred in finding the case controlled by Cadore v. Cadore, 67 So.2d 635 (Fla. 1953), we reverse.
Decedent and Deborah Ann Vath obtained an amended final judgment of dissolution of marriage on December 15, 1978. That judgment included the provision that "the husband shall maintain the existing life insurance policies on his life and shall change the beneficiaries to be the minor children of the parties." At the time the judgment was entered, the named beneficiary on insured's group life insurance policy was his mother. The name of the beneficiary was not changed until September 11, 1981, at which time the insured named his then current wife, Janice W. Vath, beneficiary. Insured died on September 22, 1981.
In August of 1981, appellant filed a motion for contempt alleging that decedent violated the final judgment by failing to provide a copy of life insurance naming the children as beneficiaries. A hearing was scheduled and continued due to decedent's illness but was never held because of decedent's death.
The insurance company filed a complaint for interpleader because both Janice W. Vath and Deborah Ann Vath, for and on behalf of her two minor children, claimed right to the proceeds. The policy named insured's employer as the policyholder. It gave the individual insured, decedent, the privilege of converting the policy to an individual policy of life insurance in the event of certain occurrences such as termination of employment or of membership in the class or classes of individuals eligible for insurance under that particular group policy or discontinuance of the policy by its terms or by agreement between the company and the policyholder. The individual insured was permitted, by the terms of the policy, to designate a beneficiary or to change same from time to time by written request filed with the policyholder or the home office of the company. The policy could be terminated without the approval of the individual by agreement between the insurance company and the policyholder or if the individual failed to pay the required contributions. Neither the individual nor his beneficiaries were accorded the right to assign the insurance.
In Cadore v. Cadore, 67 So.2d 635 (Fla. 1953), the parties stipulated and agreed that the husband would change the name of the beneficiary of his individual insurance policy to that of their three children, who would share equally in the proceeds. That agreement was ratified and approved by the trial judge in his final decree of divorce. Although the insured initially changed the names of the beneficiary as provided in the divorce decree, he subsequently remarried and named his then current wife beneficiary. At the time of insured's death, the policy was in the possession of the second wife, who for some years prior thereto paid the premiums on same. In Cadore, supra, the Florida Supreme Court concluded that decedent's wife at the time of his death, rather than his children, was entitled to the proceeds of insurance, holding (67 So.2d at 637-638):
Cadore complied with the terms of the stipulation and the final decree and named the children beneficiaries. Such change of beneficiary was revokable. The insured still had the right under the terms of the policy to change the beneficiary at will. He had the right to assign the policy or to accept a cash settlement from the insurance company, or the right not to pay any further premiums and thereby suffer a cancellation of the policy. The insurance company was not a party to the divorce suit and neither were the children, except that the Court did have jurisdiction of the two minor children under proper showing or stipulation to provide for their support and maintenance. The mere change of beneficiary to the children and with the retention of possession of the policy and the right to further change the beneficiary prevents the transaction from being a gift of the policy.

*808 Not only did Cadore remain in possession of the policy for awhile but he afterwards delivered possession thereof to his second wife and she actually paid the premiums. If the premiums had not been paid, the policy would have lapsed under its own terms.
... .
... This stipulation, ratified by the Court in the final decree, did not constitute a valid gift of the policy. It is significant that the appellees permitted the insured to retain possession of the policy, with the right remaining in him so far as third parties and the insurance company were concerned to change the beneficiary at will. It is significant that the appellees took no steps to prevent an assignment or gift of the policy, and permitted insurance premiums to be paid by a new beneficiary named by the insured.
The case under consideration is distinguishable from Cadore in a number of respects: the obligation imposed by the terms of the stipulation here is greater than that imposed in Cadore; the incidents of ownership are lesser than those in Cadore; and the equities involved are different from those in Cadore insofar as no party other than decedent and his employer is alleged to have paid the premiums, and appellant attempted, prior to the insured's death, to assure that the judgment be carried out.
In Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966), the final decree of dissolution of marriage ordered the ex-husband to "maintain and keep current with his employment any and all policies on his life, which such policies shall be made payable to the minor child herein." At the time of the divorce, the named beneficiary on the husband's group policy of insurance was the child's mother, who retained possession of the insurance certificate. The child was never substituted as beneficiary. When the group insurance carrier was changed, the ex-husband named his brother beneficiary. The Second District Court of Appeal concluded that the provision in the final decree of divorce operated to vest in the child an indefeasible interest in the insurance contract, that decedent's obligation under the stipulation adopted by the court precluded decedent from naming anyone other than his child as beneficiary, and distinguished Cadore as follows (Dixon v. Dixon, 184 So.2d 478, 480-481 [Fla. 2d DCA 1966]):
The Cadore decision, however, does not control in the instant case because of the strikingly different provisions of the stipulation and decree. The decedent here was required "to keep current any and all policies in connection with his employment." Thus he failed to retain those crucial incidents of ownership and control which the Supreme Court found that the deceased in Cadore had retained. The policies here could not be allowed to lapse (except by the insured's leaving his employment), and were required to be made and kept payable to his son, James, Jr. This was a continuing obligation. It could not be discharged by making one change of beneficiary; it could not be totally disregarded later by revoking the beneficiary or by any other change. Unlike the Cadore situation, the policy here had no cash or loan value which could have been liquidated by the insured; this insurance was, in effect, a term policy which only became operative upon death. In addition, there was no actual policy ever issued by the carrier, and the only apparent evidence of the policy, the company's certificate of insurance, was in the possession of the beneficiary's guardian, rather than in the possession of the deceased as in Cadore. (emphasis theirs)
... .
We hold that the terms of the stipulation were so encompassing as to amount to a surrender of the essential incidents of ownership... .
... .
... So far as decedent's obligation under the stipulation was concerned, he had no power in contemplation of law to name anyone other than his son, James, Jr., as beneficiary. There was no consideration given by anyone for the unauthorized change of beneficiary, no rights of third parties intervened and no person other than the deceased (and his employer) *809 paid the premiums. Under these circumstances we will not allow the obvious intent of the divorce decree to be casually disregarded under the guise of insurance policy provisions designed to fit other purposes.
The Florida Supreme Court denied certiorari in Dixon,[1] finding no conflict with cited decisions, which included the Supreme Court's decision in Cadore,[2]supra. In Dixon, as in the instant case, the trial court relied on Cadore.
The Third District Court of Appeal in Pensyl v. Moore, 415 So.2d 771 (Fla. 3d DCA 1982), adopted the rationale of the Second District Court of Appeal in Dixon, set forth above, in a situation in which the final judgment of dissolution provided that "the husband shall maintain and remain the owner of all life insurance policies on his life with the minor children herein as the direct or indirect beneficiaries thereof," and awarded the minor children rather than a Ms. Pensyl the insurance proceeds. That court distinguished Cadore from, and compared Dixon with Pensyl as follows (Pensyl v. Moore, 415 So.2d 771, 772-773 [Fla. 2d DCA 1984]):
Most significant of the decisive points of similarity with Dixon and distinction with Cadore is the fact that the agreement here required Moore to maintain his ownership of and the children's beneficial interest in the policies in question. In contrast, Cadore was bound only to effect an initial change in the beneficiaries and was not obliged to refrain from permitting the policy to lapse, from again altering the beneficiary, or from transferring ownership of the policies altogether. The latter is just what occurred in Cadore, in which the transferree, Cadore's new wife, actually paid several premiums before the insured's death. These circumstances are again unlike this case, in which Moore himself, in accordance with his agreement, made all the required payments.
In the case before us, we find that the stipulation requiring the decedent to change the name of the beneficiary to that of his minor children and to "maintain"[3] the existing life insurance policy, the rights, or absence thereof, accorded decedent under the terms of the policy, the type of policy involved, and the decedent's failure to ever comply with his obligation under the stipulation more comparable to the situation in Dixon than Cadore. We consider this case an appropriate one for application of the maxim that equity regards as done that which ought to be done.
Accordingly, the judgment below is reversed and the cause remanded for entry of an appropriate judgment in accordance herewith.
LARRY G. SMITH and ZEHMER, JJ., concur.
NOTES
[1] Dixon v. Dixon, 194 So.2d 897 (Fla. 1967).
[2] Id. at 898, 899 (dissenting opinion).
[3] Webster's Dictionary defines the word "maintain," in part as follows:

1: to keep in a state of repair, efficiency, or validity: preserve from failure or decline ...
3: to preserve in: carry on: keep up: CONTINUE.
4: to provide for: bear the expense of: SUPPORT.