454 So.2d 84 (1984)
Allie I. ROXY, Appellant,
v.
Heather Lynn ROXY, a Minor, and Gretchen E. Roxy Bradway, Her Mother and Guardian, Appellees.
No. 83-2242.
District Court of Appeal of Florida, Second District.
August 17, 1984.
Edward David Friedman, P.A., Fort Myers, for appellant.
J. Jeffrey Rice of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellees.
GRIMES, Acting Chief Judge.
This appeal involves conflicting claims to the proceeds of a group insurance policy on the life of Raymond J. Roxy.
Raymond and Gretchen E. Roxy (Bradway) were husband and wife and the parents of Heather Lynn Roxy. Raymond and Gretchen were divorced on February 9, 1973. The settlement agreement incorporated into the judgment of dissolution contained a provision which read:
5. The husband acknowledges ownership or [sic] a policy of life insurance through his employer, Harper Bros., and agrees to maintain this policy with the minor child above mentioned as beneficiary thereof so long as the wife shall have custody of such minor child.
At the time of the divorce, Harper Bros., Inc., maintained a group life insurance policy with Travelers Insurance Company under which Raymond was insured for $10,000. As the years passed Harper Bros. changed its insurer several times, ultimately obtaining a group life insurance policy with Aetna Life Insurance Company which insured Raymond for $20,000. Following the judgment of dissolution, Raymond married Allie I. Roxy and designated her as the beneficiary of his group life insurance policy with Aetna.
Raymond died while Heather Lynn was still a minor. Aetna then filed a suit for interpleader requesting a determination of the conflicting claims to the policy proceeds made by Heather Lynn and Allie. The court ruled for Heather and directed that the policy proceeds be paid to her and her mother.
On appeal, Allie contends that paragraph 5 of the settlement agreement referred only to the existing Travelers Insurance Company policy for $10,000 and does not control the ultimate disposition of the $20,000 proceeds of the new Aetna policy. As an alternative, she argues that, at the most, Heather Lynn should only be paid a sum equivalent to the amount of child support which Raymond ultimately would have *85 had to pay on behalf of Heather had he lived.[1]
Allie relies primarily upon the case of Cadore v. Cadore, 67 So.2d 635 (Fla. 1953), involving a divorce settlement agreement which provided:
"[T]hat the Defendant is now the insured with the Equitable Life Insurance Company, in the sum of Three Thousand ($3,000.00) Dollars, under Policy No. 9092403, in which policy the plaintiff is the beneficiary, and that upon the execution hereof the defendant will have the beneficiary in said policy changed from Martha Cadore, to Robert Cadore, Dorothy Cadore, and Carol Cadore, being the three children of the respective parties, each child to share equally in the proceeds of said insurance policy."
67 So.2d at 636-637. By the time Mr. Cadore died he had remarried and named his new wife as the beneficiary of the policy. The supreme court ruled that the second wife rather than the children were entitled to the proceeds of the policy. The court reasoned that paragraph 5 of the property settlement agreement did not constitute a valid gift of the policy and that there was nothing in the policy to preclude the husband from changing beneficiaries. The court deemed it significant that the decedent retained possession of the policy and that the premiums had been paid by the second wife.
As legal precedent, Cadore has not been embraced with enthusiasm. The case has been distinguished so often that it may now reasonably be said that its rationale has been limited to its particular facts. Peckham v. Metropolitan Life Insurance Co., 415 F.2d 312 (10th Cir.1969); Yates v. Yates, 272 F.2d 52 (5th Cir.1959); Vath v. Vath, 432 So.2d 806 (Fla. 1st DCA 1983); Pensyl v. Moore, 415 So.2d 771 (Fla. 3d DCA), petition for review denied, 424 So.2d 762 (Fla. 1982); Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966), cert. denied, 194 So.2d 897 (Fla. 1967).
In Dixon a final decree of divorce ordered the husband "to maintain and keep current with his employment any and all policies on his life, which such policies shall be made payable to the minor child herein." Despite the fact that the husband later named his brother as the beneficiary of his group life insurance, this court ruled that the minor child was equitably entitled to the proceeds of the policy upon his father's death. In distinguishing Cadore, this court said:
The Cadore decision, however, does not control in the instant case because of the strikingly different provisions of the stipulation and decree. The decedent here was required "to keep current any and all policies in connection with his employment." Thus he failed to retain those crucial incidents of ownership and control which the Supreme Court found that the deceased in Cadore had retained. The policies here could not be allowed to lapse (except by the insured's leaving his employment), and were required to be made and kept payable to his son, James, Jr. This was a continuing obligation. It could not be discharged by making one change of beneficiary; it could not be totally disregarded later by revoking the beneficiary or by any other change. Unlike the Cadore situation, the policy here had no cash or loan value which could have been liquidated by the insured; this insurance was, in effect, a term policy which only became operative upon death. In addition, there was no actual policy ever issued by the carrier, and the only apparent evidence of the policy, the company's certificate of insurance, was in the possession of the beneficiary's guardian, rather than in the possession of the deceased as in Cadore.

184 So.2d at 480. We deemed it of no significance that the husband's employer, as in the instant case, had changed insurance underwriters between the time of the *86 divorce and the date of the husband's death.
Consistent with the cases cited above, we have no difficulty in once again distinguishing Cadore. Here, Raymond was the beneficiary of group insurance rather than a personal policy which would have had both a loan and a cash value and which could have been assigned. The settlement agreement required Raymond to "maintain" the policy with his daughter as beneficiary, whereas the stipulation in Cadore only called for the husband to change the names of the beneficiaries. While Allie had possession of the group insurance certificate, there is no showing she paid the premiums on the policy. In short, the critical facts upon which Cadore turned are not present in the instant case. We hold that upon Raymond's death, Heather Lynn became equitably entitled to the proceeds of the Aetna policy.
AFFIRMED.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] No consideration has been given to whether a payment of $10,000 from the Aetna policy to Heather and her mother would satisfy paragraph 5 of the settlement agreement because this argument was not made either here or in the trial court.