NESBITT, Judge.
The husband appeals and the wife cross-appeals an order entered on the husband’s petition for modification of alimony obligations. We affirm in part and reverse in part.
The only point meriting discussion concerns that portion of the order directing the husband to pay the wife one-half the cash proceeds he received when he surrendered his life insurance policies. The parties entered into a property settlement agreement which was incorporated into a final judgment of dissolution of marriage entered on May 8, 1978. The agreement provided for alimony and support obligations as well as a number of other items. The provision of the agreement relevant here provides:
The Petitioner-Husband ... agrees to make and maintain the Respondent-Wife ... as primary beneficiary on one-half of his total life insurance that is now in force and effect and maintain her as primary beneficiary until she dies or remarries.
The total face value of the husband’s life insurance policies in effect at the time the agreement was entered was $62,000. Pursuant to the agreement, therefore, the wife was to be maintained as beneficiary of at least $31,000 of life insurance benefits.[1]
Subsequent to entering the agreement, the husband surrendered his original policies, keeping the cash value proceeds for *247 his own use and benefit, and replaced the policies with a term life policy having a face amount of $100,000. The wife was named beneficiary of one-half the face amount. Thereafter, the husband replaced the $100,000 term life policy with two term life policies with a total face amount of $56,000, naming the wife as beneficiary of one-half the contemplated benefits. Apparently, this is the present posture of the policies in effect.
In a report of the general master, filed April 18, 1983, the master found that the husband had “failed to maintain the insurance in effect at the time of the execution of the Property Settlement Agreement.” The master recommended:
That the Husband has the ability to provide one-half of the life-insurance [sic], even if he can’t and it no longer being possible to provide the same insurance in existence at the time of the execution of their agreement. He should therefore be held in contempt of Court for failure to do so and he may purge by:
a) Making the wife a lk [sic] beneficiary within 10 days of this Court Order of $31,000 in Insurance Coverage.[2]
b) Provide proof to the Wife of said increase in coverage within 20 days of this Court Order.
Thus, the general master found that the husband was in violation of the agreement and final judgment of dissolution apparently because the wife only had a beneficiary’s interest in $28,000 of term life insurance benefits (beneficiary of one-half the contemplated benefits of two term life policies with a total face amount of $56,000), instead of $31,000 as required.
The trial court went beyond the finding and recommendation of the general master, however, when it determined the wife was entitled to one-half the cash proceeds received by the husband when he surrendered the original insurance policies. The court construed the provision of the agreement so as to find that:
the value of those policies cashed in by the [husband] was [a] property [right] of the [wife], and the [husband] is liable to [the wife] for the value received by him out of such policies subsequent to the date of their Property Settlement Agreement.
We find that this construction given the life insurance provision in the agreement by the trial court was erroneous.
The provision, quoted at the outset in this opinion, is clear and unambiguous on its face. The clear intent of the provision, which remains in effect until the wife “dies or remarries,” is to provide a “support safety net.” It was meant to provide the wife with some protection against the possibility of having her support payments cut off by the husband’s untimely death; it did not give her ownership interests in the policies themselves. The terms of the agreement were not so all-encompassing as to amount to a surrender of the essential incidents of ownership of the original policies. Cf. Pensyl v. Moore, 415 So.2d 771 (Fla. 3d DCA) (stipulation amounted to surrender of ownership of the policies where the terms required not only that the husband maintain his children’s beneficial interests in the policies but also that he maintain his ownership of the policies in question), review denied, 424 So.2d 762 (Fla.1982). Instead, the agreement contemplates that the husband remain the owner of the policies, retaining all incidents of ownership, and entitles the wife to remain a beneficiary of one-half of the total face amount of the policies in effect at the time the agreement was entered.[3]
*248 Pursuant to the agreement, therefore, the husband could cash in his whole life policies and retain the proceeds as long as he had replaced the policies with term insurance or any other type of insurance on his life with the wife named as beneficiary of at least $31,000 of its contemplated benefits. Accordingly, it was error for the trial court to require the husband to pay the wife one-half of the proceeds he received when he surrendered the original policies, and that portion of the order is reversed.
We find the other points raised by the parties to be without merit. Accordingly, the order on appeal is affirmed in all respects except as set forth above.

. The record is somewhat unclear on the exact amounts. The husband contends that the total face value of the policies in effect at the time the agreement was entered was between $40,000 and $50,000; thus, entitling the wife at most to be made beneficiary of $25,000 of life insurance benefits. The report of the general master, quoted in the opinion, see infra text accompanying note 2, literally read, indicates that the wife was to be made a one-half beneficiary of $31,-000 in insurance coverage; thus, entitling the wife to be made beneficiary of $15,500 in life insurance benefits. Finally, the trial court’s order indicates that the face amount of the policies in effect when the agreement was entered was $62,000 and the wife was entitled to be made a beneficiary of one-half thereof, making her a beneficiary of $31,000 of life insurance benefits. In the next sentence of the order, the court directs the husband to obtain life insurance in a face amount of $32,000 with the wife named as beneficiary. Despite these apparent discrepancies, we glean from the record that the amounts we have stated in the body of this opinion are the correct ones. Further, neither party has appealed this portion of the trial court’s order.

. It is apparent from the record that the master intended to recommend that the wife be made a beneficiary of one-half of $62,000 in life insurance, entitling her to $31,000 of contemplated benefits; in other words, as the trial court interpreted the recommendation, that the wife be made the beneficiary of $31,000 of life insurance coverage. See supra note 1.

. The trial court effectuated this portion of the agreement by directing the husband "to procure term insurance or any other type of life insurance upon his wife in the total sum of $32,-000.00 with the [wife] as irrevocable beneficiary thereof.” The apparent $1,000 discrepancy has not been challenged on appeal. See supra note 1.