ZEHMER, Judge.
This is an appeal from an order entitled “Final Judgment” entered in the administration of the estate of Walter Byard, deceased. Byard’s designated beneficiary of his group life insurance predeceased him, and no contingent beneficiary was named. The order determined that two of Byard’s children, Belden Byard and Benita Byard, should be treated as sole beneficiaries of the life insurance policy, to the exclusion of the claims of Byard’s estate and his remaining children who are beneficiaries of the estate. We conclude that the court misapplied the cited rule of law, and reverse.
The proceedings in the trial court were not reported; therefore, counsel for the parties filed an agreed statement of facts in this court, which reveals the following events.
This dispute arises out of conflicting claims against the $12,000 proceeds of a employer’s group life insurance policy covering Byard as an employee at the time of his death. The policy named his mother as beneficiary, but she had died before the decedent died accidentally on September 14, 1984. On November 2, 1984, appellant, Juno A. Harris, as Byard’s sister, filed a petition for administration, alleging that she was guarantor of decedent’s funeral expenses. She was appointed personal representative of the estate and letters of administration were issued.
Walter Byard and appellee, Gloria J. Byard, were once legally married, and Bel-den Byard (age 16) and Benita Byard (age 14) were the only children born of their marriage. Walter Byard fathered and was paying child support to five other minor children who were heirs of his estate at his death.
Gloria Byard, as natural guardian of Bel-den Byard and Benita Byard, filed her petition to determine Belden and Benita the sole beneficiaries of the insurance policy and served copies on the attorney for the personal representative and on each of the other children as heirs of the decedent. The petition alleged that Belden and Benita Byard were the only legitimate heirs of the decedent born as issue of his marriage to her, and that the marriage was dissolved by an order entered August 30, 1976, by the circuit court of Duval County, which stated, “The Husband shall maintain a major medical and life insurance policy covering the minor children as beneficiaries.” Based on this provision, appellee contended *732 that Belden and Benita Byard were the only lawful heirs of decedent entitled to the benefits of the life insurance policy.
Appellant filed a response alleging that Walter Byard had been determined to be the natural father of minor heirs Sandralyn Brown, Gerry Brown, Walter C. McRae, Kevin McRae, and Walter J. Byard in final judgments of paternity entered by the Du-val County circuit court and required to pay child support for their benefit, which he was doing at the time of his death. The response further alleged that pursuant to section 732.108(2), Florida Statutes (1985), all the minor heirs were lineal descendants of Walter Byard and entitled to share equally in the assets of the estate available for distribution after payment of claims to creditors and costs of administration.
The minor heirs did not file a response to the petition; however, they appeared at the hearing through their natural mothers. Accordingly, the court had jurisdiction over them pursuant to section 731.301, Florida Statutes (1985).
After the parties presented evidence and argument on the issues at a hearing, the trial court, reasoning that the named beneficiary had “predeceased Walter Byard so in effect there is no beneficiary named in that policy” and that “the issues in this case appear to be controlled by the law as set forth in the case of Dixon v. Dixon [184 So.2d 478 (Fla. 2d DCA 1966), cert. discharged, 194 So.2d 897 (Fla.1967)] and Roxy v. Roxy [454 So.2d 84 (Fla. 2d DCA 1984)],” entered final judgment determining Belden Byard and Benita Byard to be the sole beneficiaries of the life insurance policy and entitled to receive all benefits of that policy. Appellant’s motion for rehearing was denied and this appeal followed.
We note that the record before the trial court failed to identify any particular insurance policy in effect at the time of the judgment of dissolution. There was no basis, therefore, for the court to determine what insurance policy or amount of insurance was contemplated by the provision in that judgment. Moreover, that judgment does not require that compliance with this provision be accomplished by obtaining a particular policy naming only the two children as beneficiaries. That including the two named children as beneficiaries in a single policy with other beneficiaries would comply with the provision is strongly indicated by the reference to life insurance and medical insurance in the same sentence, for medical insurance is characteristically obtained by a single policy or certificate covering the insured and his dependents. We are unwilling, therefore, to construe the provision as requiring Byard to thereafter make the two children of that marriage the sole beneficiaries of any and all after-acquired life insurance, regardless of amount, to the complete exclusion of his other children, or other family members, as this would amount to ruling that the judgment of dissolution effectively circumscribed his future right to obtain life insurance for any other beneficiary. Finally, there is no evidence or indication that the group life insurance coverage in dispute was acquired by Byard to comply with the terms of the order or that his other children could not be named as beneficiaries and still comply with the provision in the judgment.
Were this a contract action to enforce Byard’s agreement to provide life insurance for the two children pursuant to a writing containing the language of the judgment, we would be hard pressed to effectuate such an agreement because the essential terms of the contract would obviously be too vague. See, e.g., Truly Nolen, Inc. v. Atlas Moving & Storage Warehouses, Inc., 125 So.2d 903 (Fla. 3d DCA 1961), cert. discharged, 137 So.2d 568 (Fla.1962). This argument, however, has not been presented to us.
The decisions relied on by the trial court as controlling, Dixon v. Dixon, 184 So.2d 478, and Roxy v. Roxy, 454 So.2d 84, and other decisions following Dixon cited to us, Holmes v. Holmes, 463 So.2d 578 (Fla. 1st DCA 1985); Vath v. Vath, 432 So.2d 806 (Fla. 1st DCA 1983); Pensyl v. Moore, 415 So.2d 771 (Fla. 3d DCA), pet. for rev. denied, 424 So.2d 762 (Fla.1982), are distin *733 guishable from this case for the reason that in each case the record established that the particular insurance policies contemplated by the parties’ stipulation or settlement agreement incorporated in the dissolution judgment was in existence at the time of the judgement and identified in the record.
For example, in Dixon the husband was covered at the time of the divorce by his employer’s group policy with Metropolitan Life. Thereafter, a group policy with Provident Life, covering the husband for $8,000, was substituted for the Metropolitan coverage. The court held that the substituted policy was just as subject as the original policy to that provision of the divorce decree stipulating that the husband would “ ‘maintain and keep current with his employment any and all policies on his life, which such policies shall be made payable to the minor child herein.’ ” 184 So.2d at 479. It construed this provision as amounting to “a surrender of the essential incidents of ownership” of the policy such that “the present action, brought in chancery, is an altogether appropriate vehicle for the appellant to assert equitable title to the proceeds.” 184 So.2d at 481.
Similarly, in Roxy the settlement agreement read in part that the husband “acknowledges ownership or [sic] a policy of life insurance through his employer ... and agrees to maintain this policy with the minor child above mentioned as beneficiary thereof so long as the wife shall have custody of such minor child.” 454 So.2d at 84. The court specifically noted that the existing policy insured the husband for $10,000. Relying on Dixon, it found insignificant the employer’s subsequent change of insurers and substitution for the Travelers policy of a policy with Aetna providing $20,000 coverage. Specifically noting that “no consideration has been given to whether a payment of $10,000 from the Aetna policy ... would satisfy paragraph 5 of the settlement agreement because this argument was not made either here or in the trial court,” 454 So.2d at 85, n. 1, the court held that the child became equitably entitled to the proceeds of the Aetna policy. As we read this case and Dixon, a property interest in a particular existing policy was created at the time of the divorce, and the substituted policy was subject to perfection of the minor children’s equitable interest thereafter enforced by the court.
In Holmes the parties’ stipulation incorporated in the judgment of dissolution required that “the husband shall maintain life insurance on himself and shall designate the minor child of the parties irrevocable beneficiary thereof.” 468 So.2d at 579. Although the provision did not identify the policy referred to, the evidence established without apparent contradiction that the agreement was made in contemplation of a $25,000 policy already in existence and that this was the policy covered by the judgment. Contrary to his stipulation, however, the husband named his sister as beneficiary, and the policy proceeds were paid to her upon his death. This court held that in view of the stipulation the proceeds of that policy were subject to a constructive trust in favor of the minor child. As in the two preceding cases, there was an identified policy in existence at the time of dissolution upon which the court could impose the equitable interest.
Pensyl v. Moore, 415 So.2d 771, involved certain specific life insurance policies shown to be in effect at the time of the dissolution judgment which named the wife as primary beneficiary and the children as secondary or contingent beneficiaries. The judgment incorporated the settlement agreement, which provided that “the husband shall maintain and remain the owner of all life insurance policies on his life with the minor children herein as the direct or indirect beneficiaries thereof.” 415 So.2d at 772. Thereafter, the husband purported to change the named beneficiaries to his girlfriend and left the children as secondary beneficiaries. The court, relying on Dixon as controlling, affirmed a judgment establishing the children as beneficial owners of the existing policies.
In Vath the judgment of dissolution included the provision that “ ‘the husband *734 shall maintain the existing life insurance policies on his life and shall change the beneficiaries to be the minor children of the parties.’ ” 432 So.2d at 807. Despite this provision, the husband changed the named beneficiary from his mother to his new wife just before he died. The court distinguished Cadore v. Cadore, 67 So.2d 635 (Fla.1953), and held, in reliance on Dixon, that the judgment gave the children an equitable interest in the existing life insurance policy which should be enforced under the maxim “that equity regards as done that which ought to be done.” 432 So.2d at 809.
Cadore v. Cadore, 67 So.2d 635 likewise involved an insurance policy existing at the time of the divorce decree which required the husband to change the named beneficiary from the wife to the children of the parties. The husband complied with the judgment but thereafter changed the beneficiary to his second wife, who paid the premiums on the policy for a number of years. All of the children had reached majority at the time of their father’s death. Unlike the above cited cases, the supreme court held that the subsequent wife, rather than the children, was the proper owner of the policy and entitled to the proceeds thereof, pointing out that the policy reserved in the husband the right to revoke the designation of beneficiaries and to assign ownership to another, and that these rights were not circumscribed by the divorce decree.
We conclude that the cited decisions are not controlling in this case because there was no proof that a particular insurance policy was in existence at the time of the divorce to provide the necessary specificity and meaning to the otherwise ambiguous and indefinite provisions of the dissolution judgment. In each of the cited cases holding the children entitled to the policy proceeds there existed an identifiable policy at the time of divorce to which the equitable principles could be applied to perfect an equitable property interest in the designated minor children. In this case, however, no such policy or identifiable property interest has been established. The husband could have satisfied the terms of the judgment by naming the two children, Belden and Benita, as joint beneficiaries with the other children in a life insurance policy of any amount. Unlike the other cases cited, the lack of an existing policy at the time of dissolution deprives this case of any specific property interest in which the court could create an equitable interest or constructive trust. Cf. Cadore v. Cadore, 67 So.2d 635. If we were to affirm the trial court’s enforcement of the dissolution provision, as provided in the appealed order, it would mean that the provision had the legal effect of requiring any and all life insurance acquired by the father after dissolution to be for the sole benefit of the two children, to the complete exclusion of the father’s remaining children. We know of no legal or equitable principle requiring this result.
Since appellee has not shown that the subject policy was obtained to comply with the judgment for dissolution, or that it was in existence or obtained in substitution of a policy in existence when the dissolution was decreed, we hold that the trial court erred in declaring Belden and Benita Byard beneficially entitled to all proceeds of the insurance policy. Since the policy had no named beneficiary, there is no basis in law for directing payment of the policy proceeds to anyone other than decedent’s estate for administration and distribution. The judgment below is therefore reversed and the action remanded for further proceedings consistent herewith.
REVERSED AND REMANDED.
JOANOS, J., and MINER, CHARLES E., Jr., Associate Judge, concur.