SMITH, Judge,
specially concurring.
In my view, the claims of appellee Mary Reineke must fail based upon the express language of the 1981 final dissolution judgment and the specific provisions of the existing Bankers Life policy, the only insurance policy that could possibly be affected by the final judgment of 1981. As noted by Judge Mickle in his opinion, the final judgment ordered David Reineke to maintain the “present insurance policies,” or the “insurance policies presently in effect” on his life. Only the Bankers Life policy was a “present” insurance policy, or a policy “presently in effect,” within the terms of the final judgment. This policy, as Judge Mickle has also noted, contained a provision for its automatic termination on the last day of David Rei-neke’s employment with Crowley Maritime. Just as the rights of David Reineke under the Bankers Life policy were limited by this provision, so also were the rights of Mary Reineke. Her status as beneficiary terminated with the automatic termination of the policy, as did her entitlement to insurance protection under the final judgment of dissolution. Since this is not a case in which the Mutual Benefit policy was obtained by or issued to the insured in substitution for the Bankers Life policy, nor obtained by the insured to comply with the judgment, there is no basis for application of equitable principles that would allow Mary Reineke’s claim to be transferred to the Mutual Benefit policy. See, Harris v. Byard, 501 So.2d 730 (Fla. 1st DCA 1987).
Further, since Mary Reineke has no valid claims under the Mutual Benefit policy for *1186 the reasons expressed by Judge Mickle, we have no alternative but to reverse the trial court’s ruling.