CAMPBELL, Acting Chief Judge.
Appellant Charles Diez, Jr., as personal representative of the Estate of Richard D. Denson, challenges a final summary judgment which ordered the proceeds of a life insurance policy on the life of Richard D. Denson be paid to appellee, Linda J. Denson. We affirm.
Richard and Linda Denson were married in 1981. No children were bom of the marriage. In September 1995 Mr. Denson filed a dissolution of marriage action. Mrs. Den-son petitioned the court for alimony and for an order requiring Mr. Denson to continue to maintain an existing life insurance policy to protect an award of alimony. On November 13, 1995, Mrs. Denson moved for injunctive relief and sequestration of assets in order to prevent a terminally ill Mr. Denson from changing beneficiaries of life insurance policies or transferring assets. Unknown to Mrs. Denson was the fact that after Mr. Denson had filed his petition for dissolution, and immediately before she had filed her motion for injunctive relief, Mr. Denson had in fact changed the beneficiary of his only life insurance policy to name as his beneficiaries another woman and his six children by a previous marriage.
*1207 On December 5, 1995, on the basis of Mrs. Denson’s motion for injunctive relief and sequestration, the court entered an order which provided as follows:
1. The Petitioner/Wife is in need of support from the Respondent.
2. The Respondent has the ability to pay.
3. Respondent has a group life insurance policy presently in effect through his employment with American Express Financial Advisors, Inc. whose offices are located at IDS Tower 10, Minneapolis, MN 55440. The Respondent however works in a local office as a financial advisor to members of the public.
4. The Respondent is directed to insure that the Petitioner/ Wife is named irrevocable beneficiary of any and all life insurance policies which he has on his life, whether provided to him through his employment or from any other source, up to and including $150,000 payable upon his death in order to secure the amount of alimony payable to the Wife. The Respondent may designate any other person or persons that he wishes to be the recipient of the life insurance above the amount of $150,000. In the event the Respondent does not make such a change as he is directed to do so herein, then under the provisions of Florida Law this order shall act as an assignment of up to $150,000 of life insurance on the Respondent’s life payable to the Petitioner in the event of his death.
5. By agreement of the parties the Respondent shall pay to the Petitioner the sum of $200 each and every week beginning December 15, 1995 and continuing each week thereafter until further order of the Court as alimony for the Wife.
6. Respondent is directed to contact his employer and obtain a copy of the policy and transmit that policy to counsel for the Petitioner showing the Wife as an irrevocable beneficiary.
(Emphasis added.)
Mr. Denson refused to obey the court’s order to designate Mrs. Denson as the beneficiary of his life insurance policy. Neither did he take an appeal from that order pursuant to rule 9.130(a)(3)(B) or 9.130(a)(3)(C)(iii). While the December 5, 1995, order states that the alimony provisions were arrived at “by agreement of the parties,” we do not have in the record before us evidence of that agreement or a transcript of the proceedings before the trial court. When Mr. Denson subsequently refused to execute a change of beneficiary to name Mrs. Denson his beneficiary, the trial court ordered his attorney to execute the change of beneficiary on his behalf. Mr. Denson’s attorney executed the change of beneficiary form on January 9, 1996. Mr. Denson died on July 22,1996. On April 21, 1997, the court entered an order nunc pro tunc to March 25, 1997, granting Mrs. Denson’s motion for summary judgment and declaratory relief declaring her right to the life insurance proceeds.
In addressing the propriety of the court’s summary judgment in favor of Mrs. Denson, we would observe that the December 5,1995, order contained a self-executing clause in the event Mr. Denson failed to comply, so we conclude that the order was sufficient in itself to cause the insurer to recognize Mrs. Denson as beneficiary even in the absence of a change of beneficiary form. See Roxy v. Roxy, 454 So.2d 84 (Fla. 2d DCA 1984); Holmes v. Holmes, 463 So.2d 578 (Fla. 1st DCA 1985).
Mr. Denson died prior to a final hearing or a final judgment of dissolution of marriage. Because of the parties’ uncertainty as to the proper beneficiary of Mr. Denson’s life insurance policy, appellant, appellee American Express Financial Advisors, Inc. (Mr. Denson’s former employer), appellee Metropolitan Life Insurance Company (Mr. Denson’s insurer), and appellee Mrs. Denson all agreed to have their separate actions consolidated before the court in the Densons’ dissolution proceeding.
Inasmuch as the pertinent orders of the trial court in the dissolution proceeding, upon which the summary judgment on appeal is premised, were entered prior to Mr. Den-son’s death, we are not concerned with the trial court losing jurisdiction of the dissolution proceeding by reason of Mr. Denson’s death. We conclude that the order of December 5, 1995, and the subsequent orders *1208 enforcing that order were valid exercises of the trial judge’s authority in the dissolution proceeding. They effectively made Mrs. Denson the beneficiary of Mr. Denson’s life insurance policy up to the amount of $150,-000.
Affirmed.
THREADGILL and NORTHCUTT, JJ., concur.