784 So.2d 1145 (2001)
Jacqueline E. BROWNING, as parent and guardian of her minor child, Matthew Browning, Appellant,
v.
Karen BROWNING and the Estate of John A. Browning, Appellees.
No. 2D99-4623.
District Court of Appeal of Florida, Second District.
February 28, 2001.
Rehearing Denied April 12, 2001.
*1146 Scot E. Samis of Law Offices of Ehrlich & Samis, St. Petersburg, for Appellant.
Howard C. Batt of Howard C. Batt, P.A., Clearwater, for Appellee Karen Browning.
No appearance for the Estate of John A. Browning.
BLUE, Judge.
A claim was brought to enforce a provision from a final judgment of dissolution that required a former husband to maintain life insurance with his child as the beneficiary. The former husband's failure to comply with the provision was not discovered until after his death, and the child's right to life insurance benefits was asserted under theories of constructive trust, unjust enrichment, damages against an estate, and interpleader. Jacqueline E. Browning, the mother and former wife, as parent and guardian of her minor child, appeals a summary judgment in favor of Karen Browning, the widow and named beneficiary of the policy at issue. The trial court found, in balancing the equities and granting summary judgment, that Karen Browning was entitled to the insurance benefits.[1] Because several aspects of *1147 the final judgment are in error, we are unable to affirm. Accordingly, we reverse and remand for the trial court's limited reconsideration of the matter in light of this opinion.
The case was heard on cross motions for summary judgment; the facts are simply stated as follows. At the time of his death, John Browning was married to Karen Browning, referred to hereafter as the widow; he was divorced from Jacqueline Browning, referred to hereafter as the mother. From his first marriage, Mr. Browning had a son. An addendum to the final judgment of dissolution required that "[a]s and for additional child support, the Husband shall maintain a life insurance policy on his own life in the sum of One Hundred Thousand Dollars ($100,000) with the minor child of the parties designated as a sole and irrevocable beneficiary thereon."[2] At the time of Mr. Browning's death, no such policy was found to exist. There was a life insurance policy issued by his employer, however, in the total amount of $95,000 that named the Widow as beneficiary. The Mother filed suit to obtain these proceeds in satisfaction of Mr. Browning's obligation under the final judgment of dissolution. The parties stipulated that the minor child was receiving $813 per month in Social Security benefits, which was more than double the amount he had been receiving as child support.
In the final judgment awarding the insurance proceeds to the Widow, the trial court correctly set forth the general elements of a constructive trust, stating: "A trust may be constructed in equity where a confidential relationship is abused. A trust may also be constructed where the mistake is clear and the mistake benefits a third party." (Citations omitted.) The final judgment then stated that there was no allegation or showing that a confidential relationship had been abused nor that the decedent had made a clear mistake. In this, the trial court was mistaken. This court has previously recognized that while such facts do not squarely fit within the traditional theories, there is "substantial equity" in a claim that a parent or former spouse disregarded a court order to maintain life insurance for child support or alimony purposes. Lowry v. Lowry, 463 So.2d 540, 541 (Fla. 2d DCA 1985). See also Dixon v. Dixon, 184 So.2d 478 (Fla. 2d DCA 1966).
Under facts similar to those pleaded and accepted here, the First District concluded that a decedent-father either "abused a confidence or made a mistake in failing to provide any life insurance on himself for the benefit of his minor child, as required by the final judgment of dissolution." Holmes v. Holmes, 463 So.2d 578, 580 (Fla. 1st DCA 1985) (imposing constructive trust on insurance proceeds for benefit of minor child when decedent-father had failed to comply with life insurance requirement in dissolution decree). Because the Mother alleged, and the Widow does not dispute, that Mr. Browning failed to provide life insurance for his son's benefit as required by the final judgment of dissolution, the Mother has sufficiently shown either an abuse of confidence or a clear mistake.
*1148 Next, the final judgment discussed the trial court's concern that the Mother is seeking a "completely unexpected windfall" because the trial court construed the life insurance requirement as impermissibly creating an insurance estate for the child. Although these seemingly ubiquitous provisions are capable of such interpretation, the courts have generally construed them as providing collateral to secure a child support (or alimony) obligation. See, e.g., Bosem v. Bosem, 279 So.2d 863 (Fla.1973); Eberly v. Eberly, 344 So.2d 886 (Fla. 4th DCA 1977). This interpretation is favored in light of the statutory authority for such insurance provisions. See § 61.13, Fla. Stat. (1991).[3] Although the trial court correctly noted that a court may not order the creation of an insurance estate, we conclude that this argument would have been properly raised during the dissolution action. There is no indication that Mr. Browning ever objected to or appealed the final judgment of dissolution, which contained the insurance provision. Thus, the life insurance requirement was a binding obligation on him, from which he could have sought relief but which he was not entitled to disregard. Because this was a binding obligation on Mr. Browning, the Mother here was not seeking a completely unexpected windfall, only the enforcement of an otherwise valid provision in a final judgment. Furthermore, we note that this court has rejected, without discussion, a claim that the child in a similar case should only receive an amount from the insurance proceeds that would be equivalent to the amount of child support the father would have paid had he not died. See Roxy v. Roxy, 454 So.2d 84, 84-85 (Fla. 2d DCA 1984).
Finally, we must fault the trial court's determination that there was no basis to find that the Widow has been unjustly enriched. Perhaps the trial court was motivated by the lack of any wrongdoing by the Widow. Nevertheless, "imposition of a constructive trust does not depend upon any showing that the party against whom the constructive trust would be imposed has engaged in any type of fraudulent conduct, undue influence, abuse of confidence or mistake.... The pivotal consideration is the abuse of confidence or mistake" by the person who failed to maintain insurance in compliance with a valid court order. Blaney v. McCluskey, 529 So.2d 314, 315-16 (Fla. 1st DCA 1988). See also Holmes, 463 So.2d 578 (constructing trust for children even though no showing that named beneficiary was bad actor); Lowry, 463 So.2d 540 (holding that children were third-party beneficiaries of stipulation for father to maintain insurance; second wife was not bad actor, but neither was she a bona fide purchaser for value).
If there were no other facts, we would reverse and remand for an award of the life insurance proceeds to the minor child as required by the final judgment of dissolution based on the cases cited previously and others we have discovered in our research. See Dixon, 184 So.2d 478. See also Vath v. Vath, 432 So.2d 806 (Fla. 1st DCA 1983) (awarding life insurance proceeds to minor children, rather than named beneficiary, based on life insurance requirement in final judgment of dissolution); Pensyl v. Moore, 415 So.2d 771 (Fla. 3d DCA 1982) (same).[4] In this case, however, *1149 the trial court also found that equity requires payment of the insurance benefits to the Widow because the minor child is receiving more in Social Security benefits than he had been receiving in child support. As we previously mentioned, Roxy rejected a claim that the child should receive in insurance only an amount equal to the child support that would have been paid, but because the claim was rejected without discussion and we have the additional fact of Social Security in this case, we do not consider Roxy to be dispositive on this issue. In crafting equity, the trial court should keep in mind the admonitions of the First District regarding the special duty owed by parents to their children and the public's interest in having a parent provide adequate support for his or her child. See Holmes, 463 So.2d at 580. We also point out the purpose of Social Security insurance benefits for a child whose wage-earning parent has died is to replace the support lost by a child when his or her parent dies. See Mathews v. Lucas, 427 U.S. 495, 507, 96 S.Ct. 2755, 49 L.Ed.2d 651 (1976) (quoting legislative history of Social Security Act).
Summary judgment is appropriate when there are no disputed facts and the movant is entitled to judgment as a matter of law. But these claims are equitable in nature, requiring a trial court to determine a just and equitable resolution. See Lowry, 463 So.2d at 541. "Whether or not a court will lend its aid in equity is, in many cases, a matter of judicial discretion." 22 Fla. Jur.2d, Equity § 42. Because we reverse the trial court's determinations regarding abuse of confidence or mistake by the decedent and unjust enrichment by the Widow, which are significant issues in this case, we are unable to determine whether the trial court would have exercised its discretion in a different manner. Accordingly, we reverse and remand for the limited purpose of reconsidering the matter in light of this opinion and the authorities cited herein. We are compelled to encourage the parties to consider mediation or settlement of this case as an alternative to their seeking an all-or-nothing resolution on remand.
Reversed and remanded.
FULMER, J., Concurs.
ALTENBERND, A.C.J., Concurs specially.
ALTENBERND, Acting Chief Judge, Concurring.
I concur in this opinion because I agree that the current state of the law allows the court to impose a constructive trust under these circumstances. Nevertheless, I am troubled by this remedy when it permits the recovery of damages for the father's breach from an innocent third party with seemingly vested rights to proceeds from an insurance policy obtained after the entry of the dissolution judgment.
John Browning failed to comply with the terms of his dissolution judgment and breached his obligations to his son. There is no question that the son's guardian may make a claim against John Browning's estate because of this breach. See § 731.201(4), Fla. Stat. (1997). The question here is whether the child can obtain *1150 "specific performance" of the divorce provision by attaching the insurance proceeds that are not payable to John Browning's estate, but to a third party.
In this case, we are not dealing with the insurance policy that was originally intended to meet Mr. Browning's obligations under the final judgment of dissolution of marriage. After John Browning allowed the $100,000 policy he had at the time of the dissolution to lapse, he obtained a new $95,000 policy on which he designated his current wife, Karen Browning, as beneficiary. Admittedly one policy lapsed and the other came into being as a result of a change in employment, but the second policy never was sufficient to cover John Browning's obligation to his son under the dissolution judgment and was not intended either by his employer or the second insurance company as a replacement policy. Our opinion thus permits the imposition of the constructive trust on a policy not contemplated by the dissolution judgment based upon the legal fiction that the latter policy replaced the former. I am concerned what other assets of a third party might become subject to constructive trusts if a trial court deems them as "replacements" for the required life insurance.
There is no suggestion that Karen Browning has done anything improper or that she realized that she was a life insurance beneficiary at the possible expense of John Browning's son. I question how the law can take a seemingly vested right to these life insurance proceeds from Karen Browning and give it to John Browning's son merely because John Browning breached his obligation under a judgment that was entered in a lawsuit to which Karen Browning was not a party. As Judge Blue notes, these claims do not squarely fit within our traditional theories, and are based instead on principles of equity and fairness. I am concerned, however, that judicial "fairness" is being achieved at the expense of certainty, predictability, and due process.
I agree that life insurance has become a huge source of controversy in dissolution cases primarily because the subject is not adequately addressed in Florida statutes. The legislature would do Floridians a great service if it would provide more specific regulation of these insurance policies in chapter 61. The Family Law Section of the Florida Bar might assist in this process by drafting proposed legislation that would encompass all the areas in which insurance is utilized in the context of divorce. I would specifically suggest that the legislature consider requiring that any policy securing alimony or child support should normally be owned by the recipient of the alimony or child support so that the policy cannot be cancelled without the knowledge of the recipient.
In the interim, better language in standard dissolution judgments and marital settlement agreements might help minimize these problems. Specifically, a trial judge or lawyer attempting to draft a provision regarding life insurance for a final judgment or a settlement agreement should consider the nature of the obligation to be secured; the expected duration of the obligation; the potential total sum of the obligation, including whether modifications are anticipated; whether there are other benefits like social security available to secure the obligation; who should own the policy so as to prevent improper cancellation; and the nature of different insurance policies available for the intended purpose.
If I were the trial judge in this case, I am not entirely convinced that I would know what the law and the mandate of this court required me to do next. On remand, in order to determine what is equitable in this case, I would presume the trial court *1151 should conduct an evidentiary hearing and consider factors such as the extent of the father's duty to support his child, the extent of his duty to support his spouse, any other support or income available to the widow and child respectively, and the relative economic circumstances of the widow and child. In addition, the fact that the original purpose of the life insurance obligation is being served through the child's receipt of social security benefits should also affect whether it is equitable to take the widow's interest in the proceeds. See § 61.13(1)(c), Fla. Stat. (1991) (allowing an order to provide life insurance "to the extent necessary" to protect an award of child support). Given the equitable principles involved here and the substantial discretion afforded to trial judges to deal with these issues, I am not convinced that the trial judge is required to adopt an "all-or-nothing" approach, if that is what the parties continue to seek.
NOTES
[1] The difficulty in deciding this case on appeal results from our inability to understand how the trial court balanced the equities when the matter was heard on cross motions for summary judgment. The scant record we have draws our sympathy for both the minor child and the widow. On the one hand, the record reveals that the minor child's "special needs" warranted a five percent increase in child support at the time of the final judgment of dissolution. On the other hand, the record reveals that the widow's financial circumstances following Mr. Browning's death were forcing her to take a second job.
[2] The provision was included in the original final judgment; the addendum simply reduced the amount from $150,000 to $100,000 in life insurance.
[3] In light of the frequency with which such insurance provisions appear in dissolution decrees, the legislature may want to consider more definite and effective provisions. For suggested conditions that may be applicable, see Stith v. Stith, 384 So.2d 317, 321 (Fla. 2d DCA 1980).
[4] Cadore v. Cadore, 67 So.2d 635 (Fla.1953), is one of the few cases where the named beneficiary (the widow) prevailed over the children of a first marriage when a final judgment of dissolution required the father to name his children as life insurance beneficiaries. We note three things about this case. First, at the time of the proceedings, all three children were over 21 years of age. See Cadore, 67 So.2d at 636. Second, the widow had paid the premiums for some years prior to her husband's death. See Cadore, 67 So.2d at 637. And third, Cadore "has been distinguished so often that it may now reasonably be said that its rationale has been limited to its particular facts." Roxy v. Roxy, 454 So.2d 84, 85 (Fla. 2d DCA 1984) (citations omitted).